619 So.2d 741 (1993)
Linbert J. BARCELONA, et al.
v.
SEA VICTORY MARITIME, INC.
No. 92-CA-2360.
Court of Appeal of Louisiana, Fourth Circuit.
May 27, 1993.
*742 Peter B. Sloss, Robert H. Murphy, Murphy, Williams, Rogers & Sloss, New Orleans, and Philip F. Cossich, Jr., Pivach, Cossich & Pivach, Belle Chasse, for Sea Victory Maritime, Inc.
Richard J. Dodson, David C. Vidrine, Dodson, Bullock & Vidrine, Baton Rouge, for Linbert J. Barcelona, et al.
Before WARD, ARMSTRONG and PLOTKIN, JJ.
WARD, Judge.
This appeal arises from the trial court's summary judgment which dismissed the combined claims of twelve Filipino seamen and the parents of a seaman who was killed in the course and scope of his employment. The twelve seamen and the decedent served on board the M/V SEA VICTORY, a Liberian flag vessel. The seamen allege breach of a maritime employment contract and seek back wages, punitive damages, and damages for wrongful discharge. The deceased seaman's parents allege wrongful death, and they claim damages under the Jones Act, the Death on the High Seas Act, and the general maritime law doctrine of unseaworthiness.
The seamen also allege that refusal to pay overtime pay is a maritime tort which occurred within the United States, but this allegation has no merit. It was made to give substance to a claim of a United States remedy for a tort, and it is so frivolous that we will ignore it. Similarly, as to the claim of the deceased seaman's parents, the death occurred outside territorial waters of the United States, the claim was settled, and although this petition attempts to set aside the settlement, alleging there was no consent to the contract, the allegation has no merit. It was obviously made for the purpose of claiming benefits given by the Jones Act or Death on the High Seas Act, and we will disregard it.
However, the twelve seaman's claims and the claims of the parents of the deceased seaman have common issues of jurisdiction and venue which permit consideration of all claims for the purpose of this appeal. We find that plaintiffs' suit is grounded in contract, and the sole question is whether the forum selection clause of the contract is controlling. That provision, the "forum selection clause," requires that litigation between the parties must be conducted in the Republic of the Philippines. Therefore, the issue is whether Plaquemines Parish is a proper forum for litigating plaintiffs' claims for breach of a maritime contract of employment. The trial court rendered summary judgment in favor of the defendants, holding a choice of law issue was dispositive of the case. We affirm, although not entirely on the basis of the trial court's ruling.
Plaintiffs seized the vessel, the M/V Sea Victory, through a non-resident writ of attachment pursuant to La.C.C.P. art. 3541(5), and plaintiffs filed suit in Plaquemines Parish State Court pursuant to the Savings to Suitors Clause, 28 U.S.C. section 1333, and general maritime law, suing the vessel owner and European Navigation, Inc., the vessel's Greek corporate manager. The defendants bonded the seizure to allow the vessel to complete her voyage.
Subsequently, the defendants removed the case to federal court, arguing that the wage claims were pre-empted by the federal penalty wage statute, 46 U.S.C.App. § 10313, and that the death claim was actually a claim seeking to nullify a settlement[1] approved by an agency of the Philippine government. The Federal District Court remanded the matter to state court on a finding of lack of subject matter jurisdiction.
Following remand, the defendants moved for summary judgment, arguing that the plaintiffs' suit should be dismissed because *743 the demands were governed by Philippine law and because the contracting parties in the employment contract selected the Republic of the Philippines as the forum for settlement of claims. The defendants also urged dismissal under principles of comity, the "act of state" doctrine, and forum non conveniens. The trial court rejected the forum non conveniens defense, on the authority of Miller v. American Dredging Co., 595 So.2d 615 (La.1992), but granted the motion for summary judgment and dismissed the suit in favor of a Philippine forum, holding that a choice of law decision was dispositive of the issue.
On appeal the plaintiffs argue two reasons for reversal of the trial court's summary judgment. First, they contend the trial court erred when it concluded that the application of foreign law "ipso facto" compels dismissal. They contend that the trial court failed to appreciate the distinction between choice of law and subject matter jurisdiction. Consequently, plaintiffs urge this Court to reinstate their claims in Plaquemines Parish with directions to the trial court to apply Philippine law to their claims. Secondly, they contend that the employment contracts, which contain a "forum selection clause," are contracts of adhesion, contracts between parties with grossly unequal bargaining power, rather than contracts freely negotiated. As such, the plaintiffs contend the enforceability of the contracts is called into question, raising an issue of material fact which precludes the grant of summary judgment.
We reject both arguments, and we affirm the trial court's summary judgment dismissing plaintiffs' claims for the reasons now discussed.
Plaintiffs' first argument raises the interesting question of whether a court with jurisdiction can decline to provide a forum for litigation of claims, based on a forum selection clause, not on the forum non conveniens doctrine. There is no question of jurisdiction; Plaquemines Parish Courts have in rem jurisdiction through the non-resident writ of attachment. And Plaquemines Courts have subject matter jurisdiction over admiralty and maritime claims under 28 U.S.C. § 1333. Additionally, Louisiana courts cannot employ the doctrine of "forum non conveniens." Miller v. American Dredging Company, 595 So.2d. 615 (La.1992). (The United States Supreme Court has granted writs on this issue). In spite of this, we hold the forum selection clause means that litigation must be conducted in the Republic of the Philippines.
Although we agree with plaintiffs Plaquemines Parish Courts have jurisdiction, when we accept plaintiffs' premise that the law to be applied in Plaquemines Courts is the law of the Philippines, we reach the same result as the trial court, although it involves circuitous reasoning: Plaquemines Parish Courts have jurisdiction; Philippine law is applicable; that law requires recognition of the contractual "forum selection clause;" which in turn requires resolution of claims in the courts of the Philippines. Consequently, plaintiffs' first argument has no merit.
Contrary to their first contention, plaintiffs argue that United States laws are applicable, particularly procedural laws relating to summary judgment, and they argue that Louisiana law relating to contracts of adhesion mean that summary judgment was inappropriate because that creates an unresolved issue of fact, raising the question of choice of law.
Assuming Plaquemines Courts have in rem and subject matter jurisdiction, the question remains as to whether United States or Louisiana law is applicable to these maritime contract and wrongful death claims. If Philippine law is applicable, then summary judgment was appropriate, because under Philippine law this is not a contract of adhesion, there is no material issue of fact, and the forum selection clause and Philippine law requires litigation of contract claims in the Republic of the Philippines. Even if other law is applicable, this is not a contract of adhesion, as we discuss hereinafter. This means Louisiana courts should decline to exercise their jurisdiction in favor of the Republic of the Philippines, not because of forum non conveniens, but because of the forum selection clause of the employment contract.
*744 On the question of choice of law, this Court has affirmed a summary judgment dismissing a personal injury suit by a Filipino seaman against a foreign vessel owner filed in the Civil District Court for the Parish of Orleans, finding that Philippine law, not United States law, governed that action by virtue of a forum selection provision, virtually identical to the provision at issue in this case, in a maritime employment contract. Prado v. Sloman Neptun Schiffahrts A.G., 558 So.2d 712 (La.App. 4 Cir.1990); reversed and remanded on procedural grounds, 565 So.2d 930 (La.1990); 611 So.2d 691 (La.App. 4 Cir.1992); writ not considered 613 So.2d 986 (La.1993). Although the issue in this case is the interpretation of employment contracts drafted and regulated by the Philippine government, an issue not directly involved in the Prado personal injury litigation, we find that Prado is dispositive. In Prado this Court cited as authority the considerations for choice of law determinations as set forth in Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953) and Hellenic Lines, Limited v. Rhoditis, 398 U.S. 306, 90 S.Ct. 1731, 26 L.Ed.2d 252 (1970). Under Lauritzen, several factors must be analyzed in determining whether U.S. law is applicable to a maritime tort: (1) place of wrongful act; (2) law of the flag; (3) allegiance or domicile of the injured party; (4) allegiance of the shipowner; (5) place of the contract; (6) inaccessibility of foreign forum; and (7) law of the forum. Later, the Supreme Court in Rhoditis added an eighth factor, the shipowner's base of operations.
Applying a Lauritzen analysis to this case the answers to those questions are persuasive:
1. Place of wrongful act? The alleged breaches of contract occurred all over the world; the alleged wrongful death occurred in Europe.
2. The law of the flag? Liberia.
3. The allegiance or domicile of the seamen? The Republic of the Philippines.
4. The allegiance of the defendant shipowner and/or operator? Liberia and Greece.
5. The place of the contract? The Republic of the Philippines.
6. The inaccessibility of the foreign forum? Defendants agree to submit to the jurisdiction of the court of the Republic of the Philippines, and Plaintiffs cannot cite any disadvantage to appearing in their own country.
7. The law of the forum? Defendants are involuntary participants in this suit and have not submitted to the law of this forum.
Prado requires application of Philippine law as the choice of law, and summary judgment in favor of defendants with dismissal of plaintiffs' claims. There is no justification for a Louisiana court asserting its jurisdiction to intervene in matters arising between foreigners and the laws of their domicile. All of the plaintiffs, witnesses and evidence are located in the Philippines. The interests of the litigants favor the Philippines as the forum for this litigation. Louisiana has no interest in resolving disputes between Philippine citizens and foreign corporations arising from contracts drafted, regulated, and approved by the Philippine Overseas Employment Administration[2] and signed in the Philippines on a death claim from an accident which occurred in Europe. Rather, the Philippines has a substantial public interest in providing these seamen with a fair hearing and just resolution of their claims. The trial court did not err in its ruling.
However, even if Philippine law is not the correct choice of law, there is no merit to plaintiff's argument that this is a contract of adhesion which negates their consent to the forum selection clause. Without exception, all of the plaintiffs in *745 this case executed employment contracts drafted by the Philippine Overseas Employment Administration (POEA). The contracts state that all claims relating to the employment contracts shall be resolved exclusively in the Philippines:
All claims, complaints or controversies relative to the implementation and interpretation of this overseas employment contract shall be exclusively resolved through the established Grievance Machinery in the Revised Employment Contract for Seafarers, the adjudication procedures of the Philippine Overseas Employment Administration and the Philippine Courts of Justice, in that order.
In Book VI, Rule I, Section 1 of the POEA Rules and Regulations governing overseas employment, the POEA asserts exclusive and original jurisdiction over wage and injury claims:
JURISDICTION. The administration shall have original and exclusive jurisdiction to hear and decide all cases involving employer-employee relations arising out of or by virtue of any law or contract involving Filipino workers for overseas employment, including seamen, such as, but not limited to:
(a) violation of the terms and conditions of the employment;
. . . . .
(c) money claims of workers against their employers and/or their duly authorized agents in the Philippines ...
Plaintiffs rely on M/S Bremen v. Zapata, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), for their position that forum selection clauses in maritime contracts are not favored; their reliance is misplaced. In M/S Bremen, supra, the United States Supreme Court upheld the forum selection provision in that case and generally viewed such provisions with approval stating:
... such clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be `unreasonable' under the circumstances. 407 U.S. at 9, 92 S.Ct. at 1913.
* * * * * *
... [I]t should be incumbent on the party seeking to escape his contract to show that the trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court. Absent that, there is no basis for concluding that it would be unfair, unjust or unreasonable to hold that party to his bargain. 407 U.S. at 16, 92 S.Ct. at 1917.
Moreover, the United States Supreme Court has noted with approval that courts have imposed "a heavy burden of proof" on the party challenging a forum selection provision to prove that enforcement of the provision would be unreasonable or that the clause violated fundamental fairness due to fraud or overreaching. Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, ___, 111 S.Ct. 1522, 1528, 113 L.Ed.2d 622 (1991).
With the above in mind, we now consider plaintiffs' argument that the contracts are unenforceable contracts of adhesion that negate consent to their forum selection provisions. This argument has two parts: first, the seamen lacked notice of the provision and were unable to reject the clause; second, the forum selected is "incompetent," consequently, the provision violates the fairness test of Shute, supra. We disagree.
The employment contracts are one-page documents with the forum selection provision appearing plainly above each plaintiff's signature. A party's signature on a contract establishes a presumption he saw and understood the terms of the contract. Lazybug Shops, Inc. v. American District Telegraph, 374 So.2d 183 (La.App. 4 Cir.1979). The plaintiffs offered no evidence to rebut the presumption they had knowledge of the clause. Moreover, plaintiffs were seamen of several years' experience and we can reasonably conclude they were well aware of maritime practices.
As for the rejection argument, the plaintiffs could have avoided the clause by simply rejecting the employment as seamen aboard the vessel. Again, from the record it is apparent such positions are well paid and sought after. The plaintiffs received *746 fair benefits from their employment as seamen and we do not believe holding them to this forum selection clause, which was required by the Philippine government, not the defendant, is an unreasonable condition of employment.
Continuing, plaintiffs' argument that they are relegated to an incompetent forum is equally unpersuasive. Once again, plaintiffs offer no evidence to support this allegation. In fact, the joint affidavit of plaintiffs' experts, a retired justice of the Philippine Supreme Court and a Philippine professor of civil law, exhaustively details the ample remedies available under Philippine law for the claims advanced by the plaintiffs' petition in this matter.
From the record before us, we conclude these arguments are insufficient to satisfy the plaintiffs' "heavy burden of proof" to overcome the contractual forum selection clauses.
A motion for summary judgment may be granted if the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art 966; Urbeso v. Bryan, 583 So.2d 114, 116 (La.App. 4 Cir.1991). The burden of showing that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law is upon the mover, and all doubt must be resolved against the mover and in favor of a trial on the merits. Chaisson v. Domingue, 372 So.2d 1225, 1227 (La.1979).
The defendants' carried their burden to prove there is no genuine issue of material fact. We affirm the ruling of the lower court. All costs of the appeal are assessed to the plaintiffs.
AFFIRMED.
NOTES
[1] The record indicates that the parents of Ben Hur Guerrero executed a "Release and Quit Claim" in the Philippines with the approval of the Philippine Overseas Employment Administration, accepting $12,000 in death benefits and funeral expenses.
[2] The POEA is a Philippine government agency charged with overseeing the employment of Filipinos, including seamen, by foreign entities. The POEA establishes the compensation owed by an employer for the injury or death of a Filipino seaman, and is charged with advising and protecting the interests of the employees or their survivors. The POEA also reviews and approves the settlement of claims made by Filipino employees or their survivors against their employers.