713 So.2d 572 (1998)
Maximino Padilla SANCHEZ
v.
COMMODORE CRUISE LINES, LTD., et al.
No. 97-CA-2355.
Court of Appeal of Louisiana, Fourth Circuit.
April 22, 1998.
*573 Sean D. Alfortish, New Orleans, for Appellant.
James L. Schupp, Jr., E. Martin McLeod, Terriberry, Carroll & Yancey, New Orleans, for Appellee.
Before KLEES, LOBRANO and CIACCIO, JJ.
CIACCIO, Judge.
In this maritime case, plaintiff appeals from a judgment of the trial court granting defendant's exceptions of improper venue/improper forum and dismissing plaintiff's petition with prejudice. We amend and affirm.

FACTS
The plaintiff, Maximino Padilla Sanchez, a citizen and resident of Honduras, was injured on May 11, 1996 while working aboard the M/V ENCHANTED ISLE. Sanchez was employed by New Commodore Cruise Lines, Ltd. on October 14, 1995 to work aboard the vessel for a period of nine months. Sanchez had been a seaman for approximately nine years prior to this incident.
This accident occurred as Sanchez attempted to enter the engine room by climbing over luggage which was inappropriately stacked there by other crew members. The luggage shifted suddenly, and Sanchez was thrown into a stairwell, sustaining severe injuries. At the time of the accident, the vessel was docked at the Port of Orleans.
The M/V ENCHANTED ISLE is a passenger vessel owned by Amera Enterprises, Inc., a Panamanian corporation. The vessel is registered in Panama and flies a Panamanian flag. At the time of the accident, New Commodore Cruise Lines, Ltd. was operating the vessel pursuant to a bareboat charter agreement. New Commodore is a Bermudian corporation, but Sanchez argues that it has its principal place of business in Hollywood, Florida.
Prior to his employment with New Commodore, Sanchez signed a one-page employment *574 contract which provided that any and all disputes arising under the contract would be adjudicated only in the courts of the Republic of Panama, with Panamanian law to apply. The section of the contract which is relevant to these proceedings is the final paragraph of the contract and is referred to as the forum selection clause. That paragraph states as follows:
The employee expressly agrees that this contract is governed by the laws of the Republic of Panama, and any disputes will be adjudicated only in the Courts of the Republic of Panama. The employee waives any rights granted by laws of countries other than the Republic of Panama. Any claims against the company, the vessel, the Master, or any officer or staff member of the vessel, will be ajudicated [sic] only in the Courts of the Republic of Panama, and the employee waives the right to such cases heard in any other jurisdiction.
Plaintiff brought this suit in Civil District Court for the Parish of Orleans under the Jones Act and under the general maritime laws against his employer, New Commodore. The defendant filed declinatory exceptions seeking dismissal of the action based on lack of personal jurisdiction and improper venue. The defendant also sought dismissal based upon the contractual provision which provides for the application of foreign law and a foreign forum.[1] Following a hearing, the trial court granted defendant's exceptions and dismissed plaintiff's suit with prejudice. It is from this decision that plaintiff now appeals to this court.

LAW AND ANALYSIS
In granting defendant's exceptions, the trial court found that the forum selection clause contained in plaintiff's contract of employment was valid and enforceable, and required plaintiff to assert his claims for damages in the Republic of Panama. In support of this finding, the trial court cited Barcelona v. Sea Victory Maritime, Inc., 619 So.2d 741 (La. App. 4th Cir.), writ denied, 626 So.2d 1179 (La.1993), wherein this Court, despite having proper jurisdiction, dismissed a suit for breach of contract brought by a Filipino seaman based on the provisions of a forum selection clause in his employment contract. In applying the holding of the Barcelona case, the trial court stated in its reasons for judgment as follows:
While the facts in this case are slightly different, the result should be the same. In this case, the seaman is Honduran, the flag of the vessel is Panamanian, the owner of the vessel is a Panamanian corporation, and the employer of the seaman a Bermudian corporation. As in Barcelona, this Court has proper jurisdiction to hear the case but should decline to exercise it based on the forum chosen by the parties in the employment contract coupled with the fact that it is the law of the vessel's flag. The law of the flag "must prevail unless some heavy counterweight appears." Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953). As stated above, the flag of the vessel involved here in Panamanian, the same as the forum selected in the contract.
As in Barcelona, the seaman in this case also had several years of experience, and presumably was well aware of maritime practices. The contract was a one-page written contract in English. The forum selection clause was the last provision just before Mr. Sanchez's signature. Mr. Sanchez is presumed to have read and understood the document in which he signed. In addition, Mr. Sanchez received fair benefits from his employment as a seamen and holding him to this forum selection clause is not an unreasonable condition of employment.
On appeal, plaintiff asserts several assignments of error. Plaintiff first contends that the trial court erred in refusing to exercise jurisdiction over this claim. Secondly, plaintiff contends that the trial court erred in holding that Orleans Parish was not a court of proper venue. Finally, plaintiff asserts *575 that the trial court erred in upholding the terms of the forum selection clause, on the basis that it is both invalid and unenforceable. We will address each of plaintiff's arguments separately.

I. Personal Jurisdiction
Although the trial court found proper jurisdiction existed in this case, the trial court pretermitted a ruling on defendant's exception of lack of personal jurisdiction based on the forum selection clause in plaintiff's employment contract requiring plaintiff to resolve his disputes against his employer in Panama. On appeal, plaintiff contends that the trial court has specific jurisdiction over this case because defendant had sufficient meaningful contacts with the state of Louisiana, rendering jurisdiction reasonable. Plaintiff contends that defendant's contacts with Louisiana include conducting operations from the Port of Orleans, including using the Port of Orleans as a port of embarkation and debarkation of its passengers. Further, it was during one of the vessel's stops at the Port of Orleans that plaintiff was injured. Plaintiff therefore argues that the trial court erred in refusing to exercise personal jurisdiction in this case.
The issue of jurisdiction in a maritime tort case involving a forum selection agreement was squarely addressed by this Court in Barcelona v. Sea Victory Maritime, Inc., 619 So.2d at 743. In that case, this Court found the existence of proper jurisdiction over a Liberian flag vessel which was docked in Plaquemines Parish. However, the court found that because the forum selection clause adopted by the parties required the application of Philippine law and Philippine law requires recognition of the forum selection clause requiring all litigation to be brought in the Philippines, the court declined to exercise its jurisdiction in favor of the Philippine courts.
Applying the holding of Barcelona to the facts of the instant case, we find that the trial court was correct in declining to exercise jurisdiction in this case. Although defendant may have had sufficient minimum contacts with this State to justify the imposition of personal jurisdiction, the trial court was within its authority to decline to exercise this jurisdiction under the facts of this particular case. Based on the factors set forth by the Supreme Court in Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953), the law to be applied to this factual situation is the Panamanian law which recognizes the provisions of the forum selection clause requiring all litigation to be brought in the Republic of Panama. Thus, jurisdiction is proper in that forum.

II. Venue
Plaintiff next contends that venue is proper in Orleans Parish based on La. C.C.P. art. 74 because the wrongful conduct occurred in Orleans Parish and damages were sustained in Orleans Parish. It is not disputed that plaintiff was injured aboard the M/V ENCHANTED ISLE while the vessel was docked at the Port of Orleans. However, the trial court found the forum selection clause contained in plaintiff's contract of employment to be valid and enforceable. As discussed more fully herein, we find no error in this determination. The contract entered into by plaintiff required all suits against the vessel to be brought in the Republic of Panama. Under these circumstances, we find that the trial court did not err in maintaining defendant's exception of improper venue.

III. Forum Selection Clause
Plaintiff contends that the forum selection clauses such as the one in this case are clearly invalid under the applicable law. Plaintiff argues that a forum selection clause which only involves a matter of venue is procedural in nature and thus state procedural law governs the forum selection clause at issue, citing Offshore Logistics, Inc. v. Tallentire, 477 U.S. 207, 222-223, 106 S.Ct. 2485, 91 L.Ed.2d 174 (1986). Further, plaintiff argues that Louisiana law repudiates forum selection clauses as a matter of public policy based on constitutional provisions which guarantees to "every person" access to "all courts" to seek an "adequate remedy." La. Const. Art. I, Sec. 22.
Plaintiff's reliance on the Tallentire decision is misplaced. The United States Supreme Court has determined that *576 in admiralty cases, federal law governs the enforceability of forum selection clauses. See, Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). Further, federal courts have imposed "a heavy burden of proof" on the party challenging a forum selection provision to prove that enforcement of the provision would be unreasonable or that the clause violated fundamental fairness due to fraud or overreaching. Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 111 S.Ct. 1522, 1528, 113 L.Ed.2d 622.
The Louisiana Supreme Court has recently rendered a decision which controls the application of the forum selection clause in this case. In Lejano v. Bandak, 97-0388, (La.12/12/97), 705 So.2d 158, the Supreme Court held that a forum selection clause should be enforced absent a clear showing that enforcement would be unreasonable and unjust, or that the clause is invalid for such reasons as fraud or overreaching, citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). In Lejano, a Filipino seaman brought suit in Jefferson Parish for an accident aboard a vessel which occurred off the coast of Florida. Plaintiff's employment contract required him to adjudicate all claims either in Norway or the Phillipines. Defendant filed a motion for partial summary judgment based on the provisions of the forum selection clause which was granted by the trial court and affirmed on appeal. Plaintiff maintained on review to the Supreme Court that he had no power to negotiate the terms of the agreement with his employer because the contract was written in English, a language which he did not understand. However, the court held that the forum selection clause enforceable as it had been approved by the Phillipine government and it had been signed by Mr. Lejano, and was therefore presumed to be the intent of the parties.
Louisiana courts have previously enforced forum selection clauses. In Prado v. Sloman Neptun Schiffahrts, A.G., 611 So.2d 691 (La.App. 4th Cir.1992), a Filipino seaman brought a maritime tort action against the owner of a vessel on which he was injured. He signed an employment contact which specified the application of Philippine law. The court enforced the forum selection clause, holding that there was no evidence of fraud or overreaching, or that plaintiff would be unable to obtain a fair trial in the selection forum.
Further, in Barcelona v. Sea Victory Maritime, Inc., 619 So.2d 741, 745-746, the case relied upon by the trial court, a panel of this court upheld a forum selection clause in a case brought by Filipino seamen for the alleged breach of a maritime employment contract. This court reasoned that Louisiana has no interest in resolving disputes between Philippine citizens and foreign corporations arising from contracts drafted, regulated and approved by the Philippine government.
In the present case, plaintiff contends that the forum selection clause is not applicable in the present situation because it only governs labor disputes between the parties and does not apply to delictual actions. Further, plaintiff distinguishes the cases of Prado, Barcelona and Lejano because those cases involved contracts which were drafted, regulated and approved by the Philippine government and were signed in the Philippines.
Plaintiff in this case is a Honduran resident who stated in his deposition that he does not speak or read English. Plaintiff therefore contends that he was unable to negotiate the terms of the contract at issue in this case.
However, we agree with the reasoning of the trial court in this case that the plaintiff in this case was a seaman with several years of experience and was presumably well aware of maritime practices. The contract was a one-page document, and the forum selection clause appears immediately above Mr. Sanchez's signature. This clause has been a common feature in many maritime contracts. Sanchez is presumed to have read and understood the contract, and received benefits from his employment in return.
Plaintiff is not releasing any liability by agreeing to this contract, but is merely agreeing to litigate any disputes he may have in a particular forum. Plaintiff has not argued that there is no remedy available to him *577 in Panama, or that litigating his claim in Panama would deprive him of his day in court. Under the circumstances presented in this case, we agree with the trial court that holding plaintiff to this forum selection clause is not an unreasonable condition of plaintiff's employment.
Although plaintiff argues that the forum selection clause contained in the contract does not apply to this tort action, we find no merit in this argument. The specific terms of the contract state that any claims against the owner of the vessel will be adjudicated in Panama, and that the employee waives the right to such cases heard in any other jurisdiction. There is no limitation in this clause regarding delictual actions, and we fail to find that this action is excluded from the express terms of the agreement.
Thus, under the circumstances presented here, we find the holdings in the previous Louisiana decisions of Prado, Barcelona and most recently in Lejano are controlling in this case. A forum selection clause is to be upheld absent a strong showing that it should be set aside. We find that plaintiff in this case has failed to make a sufficient showing that the forum selection clause in this case is unreasonable, unjust, or that it should not be enforced. We find no error of the trial court in maintaining defendant's exception of improper venue.
However, the trial court dismissed the plaintiff's petition with prejudice. Plaintiff is entitled to pursue his claim for damages against his employer in the Republic of Panama. Therefore, the dismissal with prejudice was erroneous. We hereby amend the judgment of the trial court to provide that plaintiff's suit is dismissed without prejudice.

CONCLUSION
Accordingly, for the reasons assigned, the judgment of the trial court is amended, and as amended, is affirmed.
AMENDED AND AS AMENDED, AFFIRMED.
NOTES
[1] Defendant also filed exceptions of no cause and/or right of action, together with exceptions of insufficiency of citation, insufficiency of service of process and lack of subject matter jurisdiction. However, the trial court did not rule on these exceptions, and these issues are not before us in this appeal.