DUFRESNE, Judge.
The defendants, Euris Dubois and Vernon Smith, were charged by bill of information with illegally trawling for shrimp in outside waters during closed season (LSA-R.S. 56:497). The bill of information charging the defendants was filed with the Second Parish Court for Jefferson Parish. Prior to trial on the merits, the trial judge granted a motion to quash after concluding that parish court lacked subject matter jurisdiction over the matter. At issue on that motion were the forfeiture provisions applicable to the charges against the defendants. The trial judge reasoned that if the defendants were convicted the value of property forfeited due to the conviction would exceed the statutorily established jurisdictional limits for fines imposed by parish courts. Moreover, such forfeitures could occur without affording the defendants a right to a jury since jury trials are not authorized in parish court. The State, as relator, filed the instant writ application challenging the granting of the motion to quash.
The Louisiana Constitution authorized the legislature to establish a system of parish courts with subject matter jurisdiction uniform throughout the Staté. La. Const. Art. 5, Sec. 15(A). Acting on that grant of authority, the Louisiana Legislature created a statewide system of parish courts with limited jurisdiction over civil and criminal matters. LSA-R.S. 13:1441 et seq. The criminal jurisdiction of parish courts is set forth in LSA-R.S. 13:1446 A:
The parish court shall have criminal jurisdiction over all violations of state law and parish or municipal ordinances committed within its territorial jurisdiction which are punishable by a fine not exceeding five hundred dollars or by imprisonment not exceeding six months or both. This jurisdiction shall be concurrent with any jurisdiction conferred by law upon the district court.
Additionally, LSA-R.S. 13:1450 A prohibits jury trials in parish court.
This State’s laws pertaining to wildlife and fisheries are contained in Title 56 of the Louisiana Revised Statutes. Violations of those laws are separated into seven classes and the penalties for each class of *1297 violation are prescribed. LSA-R.S. 56:31-38.[1]
The defendants were charged, as a first time offense, with illegally trawling for shrimp in outside waters during closed season in violation of LSA-R.S. 56:497. Violation of that statute is designated as a class three violation[2] by LSA-R.S. 56:507, which further provides in subparagraph B:
In addition to all other penalties provided by law, an agent shall seize any shrimp or parts or products thereof in the possession of a person violating the laws of this Subpart by taking shrimp in closed season. Any such seized shrimp shall be forfeited and subject to immediate disposition in accordance with rules and regulations adopted by the commission pursuant to the disposition of seized and forfeited perishables. (Emphasis added).
Under LSA-R.S. 56:33, the penalty for a first offense, class three violation is a fine of not less than $250.00 nor more than $500.00, or imprisonment for not more than 90 days, or both. Shrimp seized pursuant to LSA-R.S. 56:507 B, quoted above, are subject to disposition as perishables under LSA-R.S. 56:58 B:
Where the seizure is of perishables, other than oysters, menhaden and other herring-like fishes, and, because of the lack of readily available facilities for preservation, the expense of preservation as related to the value of the thing, the condition of the thing at time of seizure, or other circumstances not within the control of the secretary, it is impracticable to hold the thing for use as evidence, the secretary shall dispose of the thing, according to rules and regulations adopted by the commission[3] and in all cases, however, using his best efforts to preserve a sample of the thing for use as evidence. Disposition, in the discretion of the commission, may include public or private sale, gifts to schools or charitable institutions, destruction, or return of the thing to its natural habitat. If the penalty for the offense charged in connection with the seizure does not include forfeiture or if there is no conviction, proceeds from any sale under this Subsection, less expenses of the sale, shall be returned to the person from whom the thing was seized.
In quashing the charge against the defendants, the trial judge reasoned that the fine applicable to a class three violation and the forfeiture of the defendants’ catch valued at $1,400.00 in this case would exceed the $500.00 maximum fine limit statutorily established for parish courts. The trial judge therefore concluded that parish court was without subject matter jurisdiction in this case. The reasoning of the trial judge assumes that the forfeiture for a class three violation in this case would be imposed by the court if the defendants are convicted. A review of the relevant statutes, however, reflects that the forfeiture provisions at issue are not operative judicially. Rather, the forfeiture provisions are administered by agents of the Wildlife and Fisheries Commission according to procedures established by that commission. The forfeiture does not form part of the criminal sanction which the court could impose for conviction of a class three violation. Representatives of the Wildlife and Fisheries Commission initiate *1298 the seizure of the property involved and thereafter administer the forfeiture procedures applicable to such seized property.[4] The sentencing power of the trial judge in this case is limited to imposing a fine of not less than $250.00 nor more than $500.00, or imprisonment for not more than 90 days, or both. LSA-R.S. 56:33. The forfeiture penalty now under consideration is not a “fine”, as LSA-R.S. 13:1446 A uses that term in defining the subject matter jurisdiction of parish courts in criminal matters. Compare State v. Henderson, 491 So.2d 647 (La.1986).
In a writ application filed by the defendant in State v. Cutchall, No. 89-K-366, this Court ruled on an issue related to the one now under consideration. The defendant in Cutchall, requested a jury trial on the charge against him for allegedly fishing during a closed season.[5] The jury request was based on the defendant’s contention that the value of fishing nets which could be seized and forfeited upon conviction was high enough to afford the defendant the right to a jury trial. The trial court denied the jury request and the defendant applied to this Court for a review of that denial. The Fifth Circuit denied writs, pointing out the right to a jury trial was not triggered by the fact that valuable fishing nets might be seized if the defendant was convicted. In support of its ruling, the panel cited State v. Henderson, supra. Integral to the ruling in Cutchall was the panel’s apparent belief that any forfeiture of property resulting from a conviction was not judicially imposed.[6]
Moreover, if the forfeiture formed part of the penalty to be judicially imposed upon conviction, it would be necessary in every case to conduct a pre-trial evidentiary hearing to determine if the defendant was entitled to a jury trial based on the value of property which might be subject to forfeiture. In a case like the one involved on this writ application, such a pre-trial evi-dentiary hearing would even be necessary to determine if the court had subject matter jurisdiction. The resolution of the issue suggested herein obviates the need for such evidentiary hearings and further results in a uniform procedure for the application of wildlife and fisheries statutes by the trial courts.
Considering the foregoing, the parish court has subject matter jurisdiction over the charge against the defendants, and it was error for that court to grant the motion to quash. LSA-R.S. 13:1446.
Accordingly, for the above reasons, we grant the writ and reverse the judgment of the court quashing the bill of information. We reinstate the bill of information against the defendants and remand the matter for further proceedings consistent with this opinion.
WRIT GRANTED BILL OF INFORMATION REINSTATED REMANDED TO PARISH COURT FOR FURTHER PROCEEDINGS.
KLIEBERT, J., concurring with written reasons.

. LSA-R.S. 56:45 vests Louisiana district courts with original jurisdiction over violations of state wildlife and fisheries laws. Since that statute does not convey exclusive jurisdiction over these matters to the district courts, the parish courts have concurrent jurisdiction to try those violations. LSA-R.S. 13:1446 A.

. At the hearing on the motion to quash, and up through the time that this writ application was filed, the trial court and the parties mischarac-terized the charge against the defendants as potentially involving a class four violation instead of a class three violation. Under the wildlife and fisheries statutes both class three and class four violations prescribe certain forfeitures as a penalty. It should be noted, however, that class four violation forfeitures, if applicable to this case, would have included the defendants’ boat, nets and catch, worth in excess of $100,000.00. The forfeiture associated with the class three violation in this case is limited to the defendant’s catch, which was valued at $1,400.00 by the parties.

.In response to an informal inquiry, we were verbally advised that the Wildlife and Fisheries Commission has not- promulgated any written rules or regulations governing the disposition of seized perishables.

. While the forfeiture procedures applicable to certain wildlife and fisheries statutory violations may give rise to constitutional due process questions because of the apparent lack of adequate safeguards, that issue is not before the panel on this writ application.

. The bill of information charging the defendant in Cutchall, supra, was filed in the 24th Judicial District Court.

.A basis for this belief can be found in other areas of law where property forfeitures result from conviction, but are not judicially imposed as part of the sentence for the conviction. See LSA-R.S. 14:54.4 (Forfeiture of property used in connection with arson) and LSA-R.S. 32:1550 et seq. (Forfeiture of property in connection with a drug-related conviction).