h BYRNES, Judge.
Plaintiff-appellee, Ábdel R. Mousa, sued Khaled M. Kasem, the defendant-appellee, in First City Court for the Parish of Orleans for property damages to premises leased by Kasem from Mousa, loss of future rental income as a result of the aforesaid property damage, and unpaid rent at the rate of $700.00 per month for the months of September, October and November, 1993. After a trial on the merits, the trial court signed a judgment on May 20, 1998, against Kasem in the sum of $12,500.00 with interest and costs.
Prior to the trial, Kasem filed an “Exception of Lack of Jurisdiction or Improper Venue”, alleging that Kasem “is a resident of Jefferson Parish and resides at 748 Grinell Street, Gretna, Louisiana.” Judgment was signed by the trial court on June 13, 1994, dismissing “the exception of lack of jurisdiction or improper venue.” There are no written or oral reasons for judgment and no transcript of any proceedings in connection with these exceptions.
|¡>It does not appear from the record that any attempt was made at the time to appeal this judgment, nor was any application made for supervisory writs. Kasem does not contend otherwise.
Mousa’s petition alleges that the leased premises is located at 2200 Whitney Ave., which is on the westbank of the Mississippi. Mousa’s petition also expresses a belief that Kasem is domiciled in Orleans Parish, but this allegation is not stated with certainty, and is challenged by Kasem whose above referred to exceptions allege that he is a resident of Jefferson Parish.
Approximately one year later, on May 11, 1995, Kasem filed an Exception of Lack of Jurisdiction, contending that the court lacked both personal jurisdiction and subject matter jurisdiction “because the events alleged in plaintiffs petition occurred in the City of New Orleans on the right decending [sic] bank of the Mississippi river, outside of this court’s [First City Court] territorial jurisdiction.”
On August 9, 1995, the trial court rendered judgment dismissing these exceptions.
There is nothing in the record to indicate that Kasem made any attempt at the time to appeal or apply for writs from the judgement of August 9,1995.
*983 A trial on the merits was held on March 31, 1998, pursuant to which judgment was rendered on May 20, 1998, against Kasem in the sum of $12,500.00.
On June 4, 1998, Kasem filed a motion for appeal referencing only the judgment on the merits of May 20, 1998. However, in his brief, Kasem references only the judgments of 1994 and 1995, concerning the exceptions. On appeal, Kasem argues only that the jurisdiction and venue are not proper. He assigns no error in regard to the trial on the merits.
|sKasem waived any objection to venue by failing to appeal or apply for supervisory writs from the trial court’s denial of his exception of improper venue. Hebert v. Mid South Controls and Services, Inc., 96-378 (La.App. 3 Cir. 10/9/96); 688 So.2d 1171, cert. den., Mid South Controls and Services, Inc. v. Hebert, — U.S. -, 118 S.Ct. 61, 139 L.Ed.2d 24 (1997).
As to jurisdiction, LSA-R.S. 13:2151.4A states in pertinent part that the “territorial jurisdiction [of the Second City Court] shall embrace that portion of the city of New Orleans on the right bank of the Mississippi.” Kasem concludes that the First City Court lacks jurisdiction over the subject matter of this suit because the leased property and all of the acts complained of are located on the “right bank of the Mississippi,” within the territorial jurisdiction of the Second City Court, which jurisdiction Kasem contends is exclusive as to the First City Court. Kasem makes the same argument regarding personal jurisdiction based on his alleged residence on the right bank of the river.
However, 13:2151.4D provides that the civil jurisdiction of the Second City Court is “concurrent with the district court in cases where the amount in dispute, as defined in Code of Civil Procedure Article 4841(B), or the value of the property involved, does not exceed twenty thousand dollars.” Likewise, LSA-R.S. 13:2151D confers identical jurisdiction on the First City Court.
There is no question that the Civil District Court for the Parish of Orleans has subject matter jurisdiction over the lease and damage issues involved in this case. Nor is there any question that the Civil District Court has personal jurisdiction over Kasem as an undisputed resident of this state. Therefore, the First City Court has similar jurisdiction. The issues raised by Kasem relating to the location of the leased property and the alleged acts of damage as well as his | location within this state raise issues of venue, not jurisdiction — and as we have already stated, it is now too late to raise venue issues.
For the foregoing reasons, the judgment below is affirmed.
AFFIRMED.