EDWARDS, JUDGE PRO TEMPORE, J.
Plaintiff/appellant, Cea Tillis, appeals two judgments. One judgment is from the Second Parish Court for the Parish of Jefferson dated May 23, 2013, and the other is from the First Parish Court for the Parish of Jefferson dated August 22, 2017. Both judgments, although rendered in different courts, arise from the same litigation and grant a defense exception of lack of jurisdiction.
For reasons that follow, we find the judgment of May 23, 2013 is not before us on appeal, and will not be considered. We reverse the judgment of August 22, 2017 and remand the matter for further proceedings consistent with this opinion.
Setting forth the procedural history of this matter presents a unique challenge for this Court. Cea Tillis filed this action in the Second Parish Court for the Parish of Jefferson on October 12, 2012 seeking damages sustained in an automobile accident that occurred on October 13, 2011 on Frenchmen Street in New Orleans. The petition is entitled, "Petition for Damages and Request for Admission of Fact." Named defendants in that action are Jamal McNeil, a resident of Orleans Parish, and his insurance company, Safe Co Insurance Company[1] . The petition asserts that venue is proper in Jefferson Parish pursuant to La. C.C.P. art. 74[2] . The admission of fact at the end of the petition states, "(p)lease admit each and every allegation in this Petition for Damages."
On November 14, 2012, both Mr. McNeil and his insurance company filed a declinatory exception of lack of jurisdiction, asserting that both the site of the accident and the domicile of the defendant are outside of the territorial boundary of the court. The Second Parish Court heard the matter on April 26, 2013. At the hearing, plaintiff's counsel "handed" the judge a motion to transfer the matter to First Parish Court, but admitted that was incorrect and the motion should have requested a transfer to First City Court in Orleans *306 Parish. Plaintiff acknowledged the petition was filed in an incorrect venue and asked the court to transfer the matter. Defense counsel objected to the transfer, arguing that the court lacked jurisdiction to take any action including a transfer to a court of proper venue. Ultimately, the court took the matter under advisement.
The motion to transfer was not filed in the record, nor ruled on by the trial court. On May 23, 2013, the Second Parish Court rendered judgment granting an exception of lack of personal jurisdiction, based on a finding that the accident occurred in Orleans Parish and the defendant is domiciled in Orleans Parish. That judgment dismissed the action without prejudice.
On June 5, 2013, plaintiff filed a motion for new trial. On August 27, 2013, the court granted the new trial and overruled defendants' exception of lack of personal jurisdiction. The trial judge indicated that he was reversing his decision because he confused venue with jurisdiction.
On September 9, 2013, defendants filed a motion to re-set the hearing on the exception to jurisdiction based on the grant of the motion for new trial. On September 12, 2013, defendants filed a motion for new trial from the grant of plaintiff's new trial motion, and the resulting judgment overruling the grant of the exception of lack of jurisdiction. On October 9, 2013, plaintiff filed a motion to dismiss defendants' motion to re-set the exception of lack of jurisdiction as moot based on the trial court's ruling of August 27, 2013 granting the new trial and overruling the grant of the exception of lack of personal jurisdiction. On the same day, plaintiff also filed a motion to dismiss defendants' motion for new trial as untimely.
On November 15, 2013, the court rendered judgment granting defendants' motion for new trial. On April 16, 2014, the Second Parish Court rendered a judgment in which it denied plaintiff's motion to dismiss defendants' motion to reset the exception of lack of jurisdiction, and plaintiff's motion to dismiss defendants' motion for new trial as untimely. In that same judgment, the Second Parish Court transferred the matter to the First Parish Court in Jefferson Parish. Subsequently, plaintiff filed a motion to transfer the lawsuit to First Parish Court for the Parish of Jefferson pursuant to that judgment. That motion was granted on April 8, 2015.
On May 30, 2017, defendants filed exceptions of lack of jurisdiction, improper venue and prescription in First Parish Court. On August 22, 2017, the First Parish Court rendered judgment maintaining defendants' exception of subject matter and personal jurisdiction and dismissing plaintiff's action. The court did not rule on the exceptions of improper venue or prescription. Plaintiff filed a motion for appeal from that judgment on September 6, 2017.
DISCUSSION
Initially we note that the judgment of the Second Parish Court rendered on May 23, 2013 granting an exception of lack of personal jurisdiction was reversed after a grant of a motion for new trial. At that point, there was a valid judgment denying the exception of lack of personal jurisdiction. Rather than seeking review of that judgment in this Court, defendants filed a motion for new trial on the grant of the motion for new trial, a procedural device with which this Court is unfamiliar. Accordingly, we find that the judgment of May 23, 2013 granting the exception of lack of jurisdiction was never appealed and is not before us.
Therefore, the only judgment properly before this Court on appeal is the judgment of First Parish Court dated August 22, 2017 in which the trial court granted *307 defense exceptions of lack of personal and subject matter jurisdiction and dismissed the action for damages.
The procedure and legal reasoning supporting the transfer of this matter from Second Parish Court for Jefferson Parish to First Parish Court for Jefferson Parish is not certain from the record.[3] Nevertheless, the judgment on appeal before us is a ruling on exceptions filed by defendants in First Parish Court on May 30, 2017. The pleading on which the judgment is based raised exceptions of lack of jurisdiction, improper venue and prescription.
The judgment grants the exceptions of lack of personal and subject matter jurisdiction and is silent on the exceptions of improper venue and prescription. The transcript shows that the trial court granted the exceptions of lack of personal and subject matter jurisdiction based on the facts that the accident occurred in Orleans Parish and the domicile of the defendant is in Orleans Parish. Although the decision was based on principles of venue, the court granted an exception of lack of jurisdiction. Upon finding no subject matter or personal jurisdiction, the court found it could not rule on the issues of venue and prescription.
On appeal, plaintiff argues the trial court erred in finding it had no subject matter jurisdiction over an automobile accident, and in finding it had no personal jurisdiction over a resident of Louisiana.[4] Appellees counter that the First Parish Court has no jurisdiction over this matter because the site of the accident and defendant's domicile are outside of the court's territorial boundary.
Our determination of the merits of this case requires an examination of the concepts of jurisdiction and venue. Jurisdiction is a separate and distinct legal concept from venue.[5] "Venue means the parish where an action or proceeding may be properly brought and tried under the rules regulating the subject."[6] Jurisdiction is the legal power and authority of a court to hear and decide an action and grant relief.[7] Thus, venue refers to the place where the action is to be brought and adjudicated, while jurisdiction relates to the legal power or authority of a court to adjudicate and decide the matter and to render judgment against a party to that action.
There are many types of jurisdiction. Among them are territorial jurisdiction, jurisdiction over the subject matter, jurisdiction over the person, and jurisdiction over the thing (in rem). Varied courts also have original, supervisory and appellate jurisdiction.
The legislative establishment of parish courts is authorized by La. Const. Art. 5 § 15 (A). In accordance with that grant of authority, the Louisiana legislature created a system of parish courts with limited jurisdiction embodied in R.S. 13:1441, et seq .[8] The purpose of this legislative enactment *308 "is to provide for uniform subject matter jurisdiction and procedure for parish courts," and "is intended to implement the constitutional requirement that such courts shall have parishwide territorial jurisdiction and subject matter jurisdiction which shall be uniform throughout the state..."[9]
First Parish Court for the Parish of Jefferson was created by La. R.S. 13:2561.1. That statute also sets forth the territorial boundaries of the court. Unlike jurisdiction over the person, property or status, territorial jurisdiction relates to geography. Geographic boundaries present a venue issue, not a subject matter jurisdiction issue. As previously stated, venue means the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject.[10] The rules of venue apply to actions brought in parish courts.[11] While the geographic limits of venue in parish courts are smaller units than those of the district court, the basic concepts of venue apply.[12] Venue designates a physical place wherein an action must be filed, and is therefore closely related to territorial jurisdiction.[13] For venue to be proper, the court in which the action is brought and tried must have territorial jurisdiction.[14]
In contrast, subject matter jurisdiction is unrelated to the place where an action must be filed. Subject matter jurisdiction is the legal power and authority of a court to hear and determine a particular class of actions or proceedings based upon the object of the demand, the amount in dispute, or the value of the right asserted.[15] In short, subject matter jurisdiction relates to substantive matters pertaining to rights, duties and obligations, while venue is a procedural matter unrelated to substantive causes of action.[16]
Parish courts have jurisdiction that is concurrent with the district court.[17] However, the subject matter jurisdiction of the parish courts is limited by both the amount in dispute and the nature of the controversy.[18] La. R.S. 13:1442 limits the civil jurisdiction of a parish court by the amount and the nature of the proceeding. La. C.C.P. art. 4847 limits parish court jurisdiction by excluding certain types of cases or proceedings. An action for damages as a result of an automobile accident is not on that list of exclusions. Thus, First Parish Court has subject matter jurisdiction because it has the legal authority to adjudicate and decide an action for damages resulting from an automobile accident subject to the limitation on the amount in dispute.
Further, the court has personal jurisdiction to render judgment against a Louisiana resident made a party to such action. Jurisdiction over the person is the legal power and authority of a court to render a personal judgment against a party.
*309 [19] Defendants' arguments relating to the site of the accident and the domicile of the alleged tortfeasor raise issues of venue, not jurisdiction.[20] Jurisdiction refers to the power to decide the merits of an action, while venue refers to locality. Territorial jurisdiction refers to the place where or the territory within which an action can be filed and is unrelated to subject matter jurisdiction.[21]
For these reasons, we find that First Parish Court for Jefferson Parish has subject matter jurisdiction and personal jurisdiction in this action for damages resulting from an automobile accident allegedly caused by a Louisiana resident. The exceptions to subject matter and personal jurisdiction are without merit and were erroneously granted. Accordingly, we reverse the judgment on appeal rendered by the First Parish Court on August 22, 2017 that granted the exceptions of lack of personal and subject matter jurisdiction.
Because the trial court erroneously found that it lacked subject matter jurisdiction, it did not consider the exceptions of improper venue and prescription. While it appears from the record that the exceptions may have merit, we are not inclined to decide these issues on appeal since neither exception was ruled on by the trial court. Accordingly, we remand this matter to the trial court for consideration of the exceptions of improper venue and prescription consistent with this opinion.
CONCLUSION
The judgment on appeal granting the exceptions of lack of personal and subject matter jurisdiction is hereby reversed. The matter is remanded to the trial court for consideration of the exceptions of improper venue and prescription.
REVERSED AND REMANDED
J. WINDHORST, DISSENTS WITH REASONS
I respectfully disagree with the majority. As the majority opinion correctly states, jurisdiction is the power and authority of the court to hear, issue rulings, and decide a case. In defining the civil jurisdiction of First Parish Court, La. R.S. 13:2561.2 limits the court's civil jurisdiction to cases "within its territorial boundaries," among other limitations on jurisdiction. This limitation on jurisdiction appears in both subsections A and B of La. R.S. 13:2561.2. Thus, unless the cause of action occurs within the territorial boundaries of First Parish Court, the case is not within the court's civil subject matter jurisdiction as defined by law, and the court has no power or authority to hear the case. Location "within its territorial boundaries" is, by specific statutory definition, indispensible to the First Parish Court's jurisdiction.
Although geographic boundaries usually determine proper venue among courts of the same or overlapping jurisdiction, La. R.S. 13:2561.2 defines jurisdiction of First Parish Court to include those geographic boundaries as a necessary element of jurisdiction. In doing so, La. R.S. 13:2561.2 effectively makes jurisdiction of First Parish Court and venue synonymous. So whereas the various Louisiana district courts share the same jurisdiction and may transfer cases to other district court venues in other parishes, First Parish Court's subject matter jurisdiction is limited to its own territorial boundaries. Thus, while the majority relies in part on the *310 concurrent jurisdiction provided in La. C.C.P. art. 4842, First Parish Court's jurisdiction is concurrent with the that of the 24th JDC only up to the jurisdictional amount and within its territorial limits.
For these reasons, I believe that the trial judge was correct in granting the exception of lack of jurisdiction, and would affirm the judgment.

The correct name of the insurance company is General Insurance Company of America. Defendant insurance company has acknowledged this fact, although there is no pleading in the record making this correction.

La. C.C.P. art 74 provides that an action for damages may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained.

There is a judgment from Second Parish Court dated April 16, 2014 transferring the matter to First Parish Court. However, the motion to transfer the matter was not filed until March 31, 2015, almost one year later. The record does not contain a transcript of the hearing that preceded the April 16, 2014 judgment transferring the matter.

With respect to personal jurisdiction, appellant makes alternative assertions that defendant made a general appearance or that he was never served.

Sims v. Sims , 388 So.2d 428 (La. App. 2 Cir.1980), writ denied, 394 So.2d 612 (La. 1980).

La. C.C.P. art. 41.

La. C.C.P. art. 1.

State v. Dubois , 556 So.2d 1295, 1296 (La. App. 5 Cir. 1990).

La. R.S. 13:1441.

La. C.C.P. art. 41.

La. C.C.P. art. 4851.

See the official revision comment to former La. C.C.P. art. 4839, now La. C.C.P. art. 4851.

Wooley v. AmCare Health Plans of Louisiana, Inc. , 2005-2025 (La. App. 1 Cir. 10/25/06), 944 So.2d 668, 675.

Wooley, 944 So.2d at 676.

La. C.C.P. art. 2 ; Opelousas Tr. Auth. v. Cleco Corp. , 2012-0622 (La. 12/4/12), 105 So.3d 26, 35.

Wooley , 944 So.2d at 676.

La. C.C.P. art. 4842.

La. C.C.P. art. 4841.

La. C.C.P. art. 6.

Mousa v. Kasem , 98-2320 (La. App. 4 Cir. 3/31/99), 731 So.2d 981, 983.

See Tanner v. Beverly Country Club , 217 La. 1043, 47 So.2d 905 (La. 1950).