WICKER, J.
This case is before us for review of a May 22, 2018 judgment in the Twenty-Fourth Judicial District Court sustaining an Exception of Lack of Jurisdiction Over the Subject Matter raised by defendant/appellee, Karen Parker. For the following reasons we reverse the judgment of the state district court and remand the matter for further proceedings consistent with this opinion.
*989 BACKGROUND
On February 25, 2013, the United States District Court of the Eastern District of Louisiana imposed judgment against appellant, Thomas Wilkinson, and appellee, Karen Parker, who entered guilty pleas in connection with a federal criminal case and were sentenced.[1] A specific condition of both appellant and appellee's sentences was restitution in the amount of $160,430.15[2] to the government of Jefferson Parish Louisiana (Jefferson Parish).[3] Appellant and appellee, along with two co-defendants, were each found to be joint and severally liable for the full restitution amount, $160,430.15.[4] On January 25, 2017, the United States Department of Justice executed a Certificate of Release of Lien Imposed Under the Mandatory Victims Restitution Act of 1996 in favor of appellant, thereby canceling the lien issued in the Eastern District Court's judgment.
On January 11, 2018, appellant filed a petition in the Twenty-Fourth Judicial District Court alleging that the virile portion of restitution he owed to Jefferson Parish as a result of his federal conviction was $66,997.39; however, he averred that he paid $97,426.79 in restitution, "approximately $30,431.40 over and above his virile share."[5] Therefore, appellant sought contribution from appellee in the amount of $30,431.40 along with legal interest, proceeding costs, and general and equitable relief, arguing that she failed to pay *990 $30,431.40 of her $40,107.58 virile portion in restitution owed to Jefferson Parish.
On April 17, 2018, appellee filed an Exception of Lack of Jurisdiction Over the Subject Matter in the state district court in which she alleged appellant sought to alter, modify, or amend a judgment rendered in a federal criminal proceeding, which she argued was outside of the state district court's jurisdiction. On the same day, appellee filed a memorandum in support of her exception in which she further alleged that appellant's petition sought to require appellee to pay more in restitution than she was sentenced to pay by the sentencing judge and argued that the decision concerning the amount of restitution remained with the sentencing federal court and not with the state district court.[6] The state district court set a hearing on the exception for May 22, 2018.
Appellant filed an opposition to the exception in which he argued that the state district court is the proper forum in which to seek contribution. He maintained that he was not seeking to change, modify, or adjust the amount of restitution ordered by the federal court, but rather was seeking to recover appellee's virile share of the ordered restitution as he had paid both his virile share and the vast portion of hers. Appellant specifically referenced the clause contained in all four restitution orders finding appellee to be "joint and severally" liable with her co-defendants for payment of the $160,430.15 restitution to Jefferson Parish as the basis for his position that appellee is responsible for a one-fourth virile portion, or $40,107.53, of the aforementioned restitution amount. Therefore, appellant argued that the present case is an action for contribution among solidary obligors and not an actor to alter or amend the federal court sentence and restitution order.
On May 22, 2018, the state district court sustained appellee's Exception of Lack of Jurisdiction Over the Subject Matter and dismissed the matter assessing costs against appellant. The court found that it lacked subject matter jurisdiction because it deemed the issue to be a federal criminal matter in which the federal court judge could "waive or not waive restitution at any given time from a particular party." The court further stated, "There's apparently a schedule that that judge authorized. As a result, this Court does not find it has subject matter jurisdiction." The present appeal arises from this judgment.
ISSUE
Appellant argues that the state district court erred in holding that it did not have subject matter jurisdiction over a claim for contribution between two solidary obligors under La. C.C. art. 1804. He further argues that Louisiana state courts have jurisdiction over a claim for contribution by one solidary obligor against another solidary obligor after the whole performance has been rendered. Therefore, appellant avers that no state or federal law deprives Louisiana state courts of hearing claims in subsequent civil proceedings which arise after the conclusion of a federal criminal case. He maintains that the statute, 18 U.S.C. § 3664, relied upon by the state district court is inapplicable because restitution had been fully paid. Appellant asserts that he does not seek to modify a federal sentence imposed on appellee, but seeks a claim of contribution against appellee.
LAW AND ANALYSIS
The exception of lack of subject matter jurisdiction is a question of law and *991 is reviewed de novo . Ryan Gootee General Contractors, LLC v. Plaquemines Parish School Board & One Construction, Inc. , 15-325, p. 9 (La. App. 5 Cir. 11/19/15), 180 So.3d 588, 595. Subject matter jurisdiction refers to the courts' legal power and authority to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. La. C.C.P. art. 2. A judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void. La. C.C.P. art. 3. Thus, the issue of subject matter jurisdiction addresses the court's authority to adjudicate the cause before it. Boudreaux v. State Dep't of Transp. & Dev. , 01-1329, pp. 7-8 (La. 2/26/02), 815 So.2d 7, 12-13.
The issue before us is whether a defendant in a federal criminal proceeding who has been ordered to pay restitution as a "joint and several"/ solidary obligor has a right to bring a claim for contribution in a state district court upon complete payment or release from an order of restitution. We find that if an obligation of restitution imposed in a federal court is satisfied, a solidary obligor may subsequently bring a claim for contribution against another solidary obligor in the appropriate state court.
In the present case, appellee and appellant were ordered to pay restitution under the Mandatory Victims Restitution Act of 1996 (MVRA). MVRA mandates restitution to victims of certain offenses and sets forth the procedure for the issuance and enforcement of an order of restitution. 18 U.S.C.S. §§ 3663A - 3664. A sentence that imposes an order of restitution is a final judgment, even though there are certain limited circumstances in which it may be corrected or amended. See 18 U.S.C.S. § 3664(j)(2), (o)(1)-(2). Once a restitution order is imposed, MVRA leaves the United States District Court with limited options to modify restitution. United States v. Hankins , 858 F.3d 1273, 1276 (9th Cir. 2017).
The obligation of restitution is a continuous one which terminates by the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person ordered to pay restitution. Id. ; 18 U.S.C.S. § 3613(b). An obligation of restitution also extinguishes upon satisfaction of the obligation. See United States v. Ramirez , 2010 U.S. Dist. LEXIS 129210 (D.N.J. 12/2/10).
Here, the United States District Court for the Eastern District Court of Louisiana ordered appellant, appellee, and two other defendants to pay Jefferson Parish $160,430.15 and made them joint and severally liable for 100% of the amount due. Appellant alleges that appellee only made $4,600 in restitution payments to Jefferson Parish and that he made $97,426.79 in restitution payments. The record reflects that on January 25, 2017, the United States Department of Justice executed a Certificate of Release of Lien Imposed Under the Mandatory Victims Restitution Act of 1996 in favor of appellant whereby the lien and statutory requirements and additions associated with the judgment were canceled. In canceling the lien, the obligation of the remaining joint and severally liable defendants to make further payments to Jefferson Parish was extinguished.[7] Thus, canceling the lien satisfied the sentence imposed upon all defendants as it related to the payment of restitution to Jefferson Parish.
*992 We recognize that much of appellee's argument centers on the theory that any decision by the state court regarding contribution will, in effect, modify the restitution order imposed by the United States District Court against appellee under 18 U.S.C. § 3664. However, the federal court found appellee to be joint and severally liable with the other three defendants for the entire $160,430.15, merely specifying that she would pay the restitution at the monthly rate of $100.00; this did not relieve her of joint and several liability. Also, in making payments which benefited all defendants obligated to pay the restitution, appellant quickened appellee's satisfaction of her obligation to pay restitution in that appellee no longer bears the obligation to make monthly restitution payments to satisfy the claims of Jefferson Parish against her. Furthermore, we find that reliance on 18 U.S.C. § 3663(a) - 3664 is not appropriate in this case in that both statutes refer to imposition and enforcement of unsatisfied claims of restitution on behalf of the victim. In the present case, the restitution obligation to the victim, Jefferson Parish, has been fulfilled and its claim against the defendants satisfied. Therefore, any argument regarding the modification of restitution imposed in this matter is inapposite and moot as the obligation to pay restitution has been extinguished.
We are left to consider the question of whether a Louisiana state court has jurisdiction over a claim for contribution in a case in which the basis for the contribution claim is the joint and several obligation of criminal co-defendants to pay sums owed to an entity.
Louisiana courts have long acknowledged that the common law term "joint and several" is synonymous with the civil law term "in solido". See Mary v. Lupin Foundation , 609 So.2d 184 (La. 1992) ; Touchard v. Williams , supra . La. C.C. art. 1796 states that the "solidarity of obligation shall not be presumed. A solidary obligation arises from a clear expression of the parties' intent or from the law." La. C.C. art. 1786 identifies three forms of obligations. It states:
When an obligation binds more than one obligor to one obligee, or binds one obligor to more than one obligee, or binds more than one obligor to more than one oblige, the obligation may be several, joint, or solidary.
Article 1794 defines a solidary obligation for an obligor in stating:
An obligation is solidary for the obligors when each obligor is liable for the whole performance. A performance rendered by one of the solidary obligors relieves the others of liability toward the obligee.
Article 1795 states:
An obligee, at his choice, may demand the whole performance from any of his solidary obligors. A solidary obligor may not request division of the debt. Unless the obligation is extinguished, an obligee may institute action against any of his solidary obligors even after institution of action against another solidary obligor.
Article 1804 provides in the relevant part:
Among solidary obligors, each is liable for his virile portion. [...] If the obligation arises from an offense or quasi-offense, a virile portion is proportionate to the fault of each obligor.
A solidary obligor who has rendered the whole performance, though subrogated to the right of the obligee, may claim from the other obligors no more than the virile portion of each....
In the present case, the United States District Court of the Eastern District of Louisiana deemed appellee, appellant, and two other co-defendants "joint and severally" liable to Jefferson Parish for *993 $160,430.15. As a solidary obligor, appellant and appellee were equally responsible to make monthly payments to Jefferson Parish in restitution until the total amount of restitution was paid.[8] The federal court ordered that appellant, appellee, and co-defendant, Aaron Broussard be 100% liable for the restitution amount to be paid to Jefferson Parish. Another co-defendant, Timothy Whitmer, was added as the result of a latter trial where the Eastern District ordered that Mr. Whitmer be:
"jointly and severally" liable for the restitution with Aaron Broussard, Thomas, Wilkinson, and Karen Parker, who are defendants in a related case. The defendant shall make restitution to the Jefferson Parish Government, but no further payment shall be required after the sum of the amounts actually paid by all defendants has fully covered all of the compensable injuries.
When appellant made the final restitution payment, he extinguished the obligation of future payments to the benefit of his other obligors. In making payments, in what appellant argues is above his virile portion, appellant avers he has a right to seek contribution to the extent of appellee's virile share of the obligation. As the obligation has been extinguished in the federal court, appellant may seek to assert any rights he believes he is entitled to in the state court. Since subject matter jurisdiction relates to substantive matters pertaining to rights, duties, and obligations (see Tillis v. McNeil , 17-673 (La. App. 5 Cir. 5/30/18), 249 So.3d 303 ), we find that the state district court has jurisdiction over the subject matter of this case involving a claim for contribution. We express no opinion as to the merits of appellant's claim.
CONCLUSION
For the aforementioned reasons, we find that the state district court erred in sustaining appellee's Exception of Lack of Jurisdiction Over the Subject Matter . We reverse the judgment of the state district court and remand the matter for further proceedings.
REVERSED AND REMANDED

Thomas Wilkinson pled guilty to Conspiracy to Commit Misprisions of a Felony in violation of 18 U.S.C. § 371. Along with paying restitution, Mr. Wilkinson was sentenced to three years of probation and prohibited from practicing law during his probationary period. He was further prohibited from applying for, soliciting, or incurring further debt without the written permission of the United States Probation Officer. Karen Parker pled guilty to Misprision of a Felony in violation of 18 U.S.C. § 4 and was sentenced to three years of probation, payment of restitution, and prohibited from applying for, soliciting, or incurring further debt without the written permission of the United States Probation Officer.

Appellant alleges that the $160,430.15 owed in restitution is related to Ms. Parker's employment as a paralegal in the Jefferson Parish Attorney's Office.

The District Court for the Eastern District found appellant, Thomas Wilkinson, joint and severally liable with co-defendant, Aaron Broussard, for the full restitution figure in the amount of $214,209.94 and ordered him to pay an initial lump sum payment of $53,779.79 with the balance due upon termination of his probation. The sentencing documents submitted into the record do not indicate the per month amount, if any, Mr. Wilkinson was required to pay in restitution.
The court found Appellee, Karen Parker, joint and severally liable with appellant and co-defendant, Aaron Broussard, for part of the restitution figure in the amount of $160,430.15. She was ordered to pay $100 per month in restitution payments to the United States District Clerks' Office.
In a subsequent related case also filed in the Eastern District of Louisiana, defendant, Timothy Whitmer, pled guilty to Misprision of a Felony in violation of 18 U.S.C. § 4 and was ordered to pay restitution to Jefferson Parish in the amount of $160,430.15 as a joint and severally liable defendant with Aaron Broussard, Thomas Wilkinson, and Karen Parker. The court further held that "...no further payment shall be required after the sum of the amount actually paid by all defendants has fully covered all of the compensable injuries."

Louisiana courts have found the phrase "joint and severally" to be synonymous with "in solido." See Touchard v. Williams , 617 So.2d 885 (La. 1993).

Although the amount in dispute is not before us for review, we take judicial notice that $66,997.39 subtracted from $97,426.79 equals $30,429.40. This is a two dollar difference from the amount appellant avers he paid above his virile share.

Appellee averred that she "fully complied with her sentence in the federal court judgment and continued to pay $100.00 a month towards her restitution until said restitution amount was fully liquidated."

As previously discussed, in making Mr. Whitmer joint and severally liable to Jefferson Parish for restitution, the court held "... but no further payments shall be required after the sum of the amounts actually paid by all defendants has fully covered all of the compensable injuries."

We are not able to ascertain from the record the exact amount appellant was responsible to pay per month in restitution; however, the record reflects that appellee was required to pay $100 per month in restitution to Jefferson Parish.