STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT


DOCKET NUMBER
2023 CA 0860


TEDERO JONES

VERSUS

GLENDA LEWIS


Judgment Rendered: ___**APR 2 6 2024**___


* * * * *


ON APPEAL FROM THE
CITY COURT OF BATON ROUGE, DIVISION C
IN AND FOR THE PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA
DOCKET NUMBER 23-01738

HONORABLE JOHNELL M. MATTHEWS, JUDGE PRESIDING


* * * * *


Glenda D. Lewis                           Defendant-Appellant
Baton Rouge, Louisiana                    Pro se




Tedero Jones                              Plaintiff-Appellee
Los Angeles, California                   Pro se




**BEFORE: THERIOT, PENZATO, AND GREENE, JJ.**

PENZATO, J. concurs.

**GREENE, J.**

The occupant of a house appeals a city court's judgment of eviction. After review, we vacate the judgment and dismiss the appeal, because the city court did not have territorial jurisdiction to evict the occupant from a house located outside the city court's territorial jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 19, 2023, Tedero Jones[1] filed a Rule to Evict in Baton Rouge City Court, seeking to evict Glenda Lewis from a house located at 5850 Lavey Lane, in Baker, Louisiana. According to the Rule, Ms. Lewis had not paid the monthly rent and did not have the owner's permission to occupy the house.

Through counsel, Ms. Lewis answered the rule and filed exceptions of no right of action, prematurity, and improper venue. Ms. Lewis alleged that she and Georgia Lockhart, Mr. Jones' mandatary, had signed a written month-to-month lease, dated May 25, 2022, whereby Ms. Lewis agreed to lease the house at 5846 Lavey Lane, not at 5850 Lavey Lane, for $1,000 per month. Further, in support of her exception of improper venue, Ms. Lewis alleged that the Baton Rouge City Court did not have jurisdiction to decide the Rule to Evict, because the house at issue was located in the city limits of the City of Baker, not of Baton Rouge. She asked the Baton Rouge City Court to dismiss Mr. Jones' rule, or alternatively, to transfer it to the Baker City Court.

At a June 12, 2023 hearing, the Baton Rouge City Court denied Ms. Lewis' venue exception, finding it had "concurrent jurisdiction with other courts" over the matter under the Louisiana Code of Civil Procedure. On the merits, the Baton Rouge City Court determined the written lease signed by Ms. Lewis and Ms. Lockhart was invalid and that eviction was proper.[2] Also on June 12, 2023, the Baton Rouge City Court signed a

---

[1] The Rule to Evict in this case is a form document requiring that blank lines be completed. The completed caption of the case reads "Tedero Jones v. Glenda Lewis." The Rule to Evict identifies the "mover" as Gregory Jones, and he is the person who signed the Rule. A Legal Representative Authorization Form, signed by Tedero Jones, is attached to the Rule to Evict Form, and authorizes Gregory Jones to act as Tedero Jones' legal representative in this matter. The record also contains Tedero Jones' affidavit, signed on June 12, 2023, wherein he identifies himself as the owner of the house at 5850 Lavey Lane in Baker, Louisiana.

[2] Based on our resolution of this case, we do not address the validity of the May 25, 2022 lease.

2

Judgment of Eviction And Writ of Possession, ordering Ms. Lewis to vacate the premises at "5850 Lavey Lane in the City of Baton Rouge," by July 1, 2023.

Ms. Lewis appeals *pro se* from the adverse judgment. She basically contends: (1) this matter should not have been tried in Baton Rouge City Court; (2) the written lease was valid; (3) the Rule to Evict was premature; (4) she satisfied the lease payments by paying for repairs; (5) the judgment evicted her from an address at which she never lived; (6) there was insufficient proof to grant the eviction; (7) the lease payments should have been reviewed and the amount should have been reduced; and (8) proper procedures did not take place.

Because we agree with the first issue Ms. Lewis raises, we need not address the remaining bases of her appeal.

## JURISDICTION AND VENUE

Ms. Lewis contends this matter should not have been tried in Baton Rouge City Court. Essentially, she argues the Baton Rouge City Court erred in denying her exception of improper venue. Venue is a question of law and this Court reviews a lower court's venue ruling *de novo*. *Wooley v. AmCare Health Plans of Louisiana, Inc.*, 2005-2025 (La. App. 1 Cir. 10/25/06), 944 So.2d 668, 675. We first discuss the concepts of jurisdiction and venue as they relate to Louisiana city courts.

A city court's jurisdiction is limited by both subject matter and territory. *See* La. Const. art. 5, §15. A city court's subject matter jurisdiction is limited by the amount in dispute and by the nature of the proceeding. La. C.C.P. art. 4841. A city court's territorial jurisdiction is limited to the city and ward(s) wherein the city of its domicile is located. *See* La. R.S. 13:1951. Further, in city courts, proper venue is defined by the city court's territorial jurisdiction. *See* La. C.C.P. arts. 41 and 4851(B). For venue to be proper, the court in which an action is brought and tried must have territorial jurisdiction over the area designated as proper venue. *Wooley*, 944 So.2d at 676; *Tillis v. McNeil*, 2017-673 (La. App. 5 Cir. 5/30/18), 249 So.3d 303, 307-08.

The Baton Rouge City Court has subject matter jurisdiction over eviction suits as defined and limited by La. C.C.P. art. 4844. The Baton Rouge City Court has territorial jurisdiction throughout the territorial area of the City of Baton Rouge. La. R.S.

3

13:1952(4)(a). In this case, the Baton Rouge City Court's judgment evicts Ms. Lewis from a house located on Lavey Lane and incorrectly indicates that Lavey Lane is located in Baton Rouge. As Ms. Lewis correctly points out, however, Lavey Lane is located in the City of Baker, not the City of Baton Rouge. In support of her venue exception, Ms. Lewis filed a map from the East Baton Rouge Geographic Information System website that shows Lavey Lane lies within the City of Baker. This Court has verified the accuracy of this geographical information and takes judicial notice of this adjudicative fact under La. C.E. art. 201(B)(2). *See* https://city.brla.gov/gis/jurisdictionlookup.asp and https:experience.arcgis.com/experience/4b6ce7a632c045dba3c0219894d79d74/page/ Local-Government. *Also see State v. Scramuzza*, 408 So.2d 1316, 1318, n.2 (La. 1982) (taking judicial notice of a named street's location under La. C.E. art. 201's predecessor, former La. R.S. 15:422(6)).

In this case, the Baton Rouge City Court did not have territorial jurisdiction to render an eviction judgment related to a house on Lavey Lane in Baker, because the Baton Rouge City Court's territorial jurisdiction is limited to the "territorial area of the [C]ity of Baton Rouge." Without territorial jurisdiction, the Baton Rouge City Court was not a proper venue for this eviction proceeding. *See Wooley*, 944 So.2d at 675-76; *Tillis*, 249 So.3d at 307-08. Rather, the proper venue for this action was either the City Court of Baker, which has territorial jurisdiction extending throughout the City of Baker, or the Nineteenth Judicial District Court, which has concurrent subject matter jurisdiction with city courts over eviction suits and territorial jurisdiction extending throughout East Baton Rouge Parish, which encompasses the City of Baker. *See* La. R.S. 13:2488.21-13:2488.23 (Baker City Court territorial jurisdiction); La. C.C.P. art. 4844 (city courts and district courts have concurrent jurisdiction in certain eviction suits); and La. R.S. 13:477(19) (Nineteenth Judicial District Court territorial jurisdiction). Accordingly, the Baton Rouge City Court erred in denying Ms. Lewis' exception of improper venue, and we must vacate the judgment of eviction.

When an action is brought in a court of improper venue, an appellate court has the discretion to dismiss the action or, in the interest of justice, transfer it to a court of proper venue. *See* La. C.C.P. arts. 121 and 932(B); *Creekstone Juban I, LLC v. XL*

4

*Insurance America, Inc.*, 2020-0098 (La. App. 1 Cir. 12/7/20), 2020 WL 7136881, *2. In the interest of justice, we dismiss this action and note that Mr. Jones has the option to refile the action in a court of proper venue.

## CONCLUSION

For the foregoing reasons, we vacate the June 12, 2023 Judgment of Eviction And Writ of Possession and dismiss this appeal.

**JUDGMENT VACATED; APPEAL DISMISSED.**