427 So.2d 555 (1983)
AMERICAN STANDARD LEASING COMPANY, Plaintiff-Appellee,
v.
PLANT SPECIALTIES, INC., Defendant-Appellant.
No. 82-538.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1983.
Rehearing Denied March 22, 1983.
Jones, Tete, Nolen, Hanchey, Swift & Spears, Carl H. Hanchey, Lake Charles, for defendant-appellant.
*556 G. Allen Walsh, Baton Rouge, for plaintiff-appellee.
Before DOMENGEAUX, FORET and DOUCET, JJ.
FORET, Judge.
American Standard Leasing Company (plaintiff) brought this action to make an Illinois judgment executory in this State. Plant Specialties, Inc. is named defendant.
The trial court, after trial on the merits, rendered judgment in favor of plaintiff and against defendant, making the Illinois judgment executory.
Defendant appeals from that judgment. The sole issue before us is whether the trial court erred in finding that defendant had consented to, or waived, personal jurisdiction over it by the Illinois court through a clause contained in a contract that formed the basis of the action in Illinois.

FACTS
Plaintiff filed suit against defendant in the Municipal Court of the First District Circuit Court of Cook County, Illinois, and obtained judgment therefrom against defendant. According to stipulations between the parties, the Illinois action sought recovery of rental payments allegedly owed plaintiff by defendant, under the terms of a written contract whereby plaintiff agreed to lease to defendant certain telephone answering equipment.
After obtaining judgment in the amount of $1,924.86 against defendant from the Illinois court, plaintiff instituted this action in the Fourteenth Judicial District Court, Parish of Calcasieu, to have the Illinois judgment made executory in this State.

CONSENT TO, OR WAIVER OF, IN PERSONAM JURISDICTION
The trial court found that defendant had no contacts with the State of Illinois. Plaintiff, in its brief filed in this Court, agrees with this finding. Thus, the sole issue is whether defendant consented to, or waived, in personam jurisdiction over it by the Illinois court by means of a provision contained in the above mentioned contract. That provision reads as follows:
"The parties hereto agree that in the event a suit or action shall be commenced against either party by the other relating to the validity, construction, interpretation, or enforcement of the lease, whether such action sounds in contract or tort, all matters relative thereto shall be governed by the laws of the State of Illinois, and any court of competent jurisdiction situated in Chicago, Illinois, shall have jurisdiction over the person of the defendant, whether lessor or lessee, and shall have venue of such action."
In National Equipment Rental, Ltd. v. Szukhent, 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964), the United States Supreme Court stated, at 375 U.S., 315 and 316, 84 S.Ct. at 414, that:
".... it is settled, as the courts below recognized, that parties to a contract may agree in advance to submit to the jurisdiction of a given court, to permit notice to be served by the opposing party, or even to waive notice altogether. See, e.g., Kenny Construction Co. v. Allen, 101 U.S.App.D.C. 334, 248 F.2d 656 (1957); Bowles v. J.J. Schmitt & Co., Inc., 170 F.2d 617 (C.A.2d Cir.1948); Gilbert v. Burnstine, 255 N.Y. 348, 174 N.E. 706, 73 A.L.R. 1453 (1931)." (Emphasis ours.)
Further, in D.J. Overmyer Company, Inc., of Ohio v. Frick Company, 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972), the United States Supreme Court stated, at 405 U.S., 185, 92 S.Ct. at 782, that:
"The due process rights to notice and hearing prior to a civil judgment are subject to waiver."
However, we note that in D.H. Overmyer Company, Inc., of Ohio v. Frick Company, supra, the United States Supreme Court assumed, for its purposes therein, that the standard for waiver in a corporate-property-right case of the kind before it was identical to the standard applicable to waiver in a criminal proceeding, i.e., that it be voluntary, knowing, and intelligently made, or an intentional relinquishment or abandonment *557 of a known right or privilege. The Court further noted that it has said in the civil area that,
"we do not presume acquiescence in the loss of fundamental rights ...".
We believe this adequately answers defendant's concerns expressed in an illustration, contained in its brief filed in this Court, of large corporations such as Sears, Roebuck and Company inserting provisions in its consumer contracts requiring consumers to travel long distances to other states to litigate disputes with the corporation. Defendant made no argument in the trial court that the contract in question was the result of anything other than an arms length transaction. Further, defendant made no argument that its waiver of in personam jurisdiction was made without its knowledge, or was done unvoluntarily, etc.
Were we to assume, for purposes of this litigation, that the standards applicable to a waiver of rights in a criminal proceeding are also applicable to a waiver of rights in a civil proceeding, we would find that those standards had been met, or, at the very least, that defendant failed to prove that they weren't met. We note that the record shows that personal service of process was made on defendant giving it notice of the institution of plaintiff's action in Illinois.
It is well settled in the jurisprudence of this State that a state may deny full faith and credit to a judgment rendered by a court of another state only when it is shown that the court which rendered the judgment lacked jurisdiction over the parties or the subject matter. U.S. Const., Art. 4, § 1; Holden v. Holden, 374 So.2d 749 (La.App. 3 Cir.1979); Prairie Finance, Inc. v. Perry, 389 So.2d 1131 (La.App. 3 Cir. 1980).
Additionally, there is a general presumption that a court of a sister state had jurisdiction to render the judgment in the case before it, and it is incumbent upon the person attacking the judgment to show by clear and positive proof that the rendering court was without jurisdiction. U.S. Const., Art. 4, § 1; Berry v. Berry, 307 So.2d 821 (La.App. 3 Cir.1975); Holden v. Holden, supra; Prairie Finance, Inc. v. Perry, supra.[1]
Defendant presented no evidence to show that the Illinois court lacked in personam jurisdiction over it. To the contrary, the evidence indicates that the Illinois court had such jurisdiction.
As to that portion of the contractual provision stating that,
"... all matters relative thereto shall be governed by the laws of the State of Illinois ...",
Associated Press v. Toledo Investments, Inc., 389 So.2d 752 (La.App. 3 Cir.1980), held, on page 754, that:
"We adhere to the principle stated in Davis v. Humble Oil & Refining Company, 283 So.2d 783, 794 (La.App. 1st Cir. 1973) (on rehearing), which involved an employee's pension plan rights under a written contract that provided it was to be governed by New York law. On rehearing, the court announced the following rule: Where parties stipulate the State law governing the contract, Louisiana conflict of laws principles require that the stipulation be given effect, unless there is statutory or jurisprudential law to the contrary or strong public policy considerations justifying the refusal to honor the contract as written." (Emphasis ours.)
Thus, that portion of the contractual provision is also valid and enforceable. Defendant has presented no evidence to show that there is statutory or jurisprudential law to the contrary or strong public policy considerations justifying the refusal to honor the contract as written.
Defendant's principal argument is that it is against public policy to contractually limit particular causes of action which may arise in the future to certain courts in specific places. We do not find it necessary to *558 address this argument since the provision in question in no way accomplishes this. The word "shall" in the provision does not in any way limit causes of action arising out of the contract to courts in Illinois. In fact, it actually broadens the possible choice of forums by giving the parties another court in which they may pursue litigation. Defendant stipulated, at the trial of this matter, that the contract was negotiated in and executed by them in Jefferson Parish. For this reason, it is conceivable that this action could have been initially brought in this State. We therefore find this argument to be without merit.

DECREE
For the above and foregoing reasons, the judgment of the trial court is affirmed.
All costs of this appeal are assessed against defendant-appellant.
AFFIRMED.
NOTES
[1] For the latest discussion of a defendant's burden of proof in cases such as this by this Court, see The Ramos Group, Inc. v. Villard, 425 So.2d 865 (La.App. 3 Cir.1982).