| AKILI JOHARI SENIOR | * | NO. 2024-CA-0541 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| OVERLOG INC. | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-09805, DIVISION "F-14"
Honorable Jennifer M. Medley
* * * * * *
**Judge Dale N. Atkins**
* * * * * *
(Court composed of Judge Paula A. Brown, Judge Tiffany Gautier Chase, Judge
Dale N. Atkins)

Akili Johari Senior
P.O. Box 850784
New Orleans, LA 70185

> PLAINTIFF/APPELLANT

Patrick D. DeRouen
Doris A. Royce
William Q. Gurley, III
DeROUEN LAW FIRM
650 Poydras Street
Suite 1913
New Orleans, LA 70130

> COUNSEL FOR DEFENDANT/APPELLEE, Overlog, Inc.

**JUDGMENT REVERSED IN PART AND RENDERED; JUDGMENT
VACATED IN PART AND RENDERED; JUDGMENT AFFIRMED IN
PART
APRIL 21, 2025**

DNA

PAB

TGC

The civil case underlying this appeal concerns a contract dispute regarding an Equipment Lease Agreement ("Agreement") between Appellant, Akili Johari Senior ("Mr. Senior"), and Appellee, Overlog, Inc. ("Overlog"). The present appeal relates to the enforcement of certain provisions in the Agreement. Specifically, Mr. Senior appeals the trial court's May 23, 2024 judgment, which granted Overlog's "Declinatory Exceptions of Lack of Personal and Subject Matter Jurisdiction" (collectively "Jurisdiction Exceptions");[1] denied Overlog's "Declinatory Exception of Improper Venue" ("Venue Exception") "pursuant to the granting of [Overlog]'s" Jurisdiction Exceptions; denied as moot Overlog's "Motion to Dismiss for Failure to Timely and Properly Request Service" ("Motion to Dismiss"); and dismissed Mr. Senior's suit with prejudice. For the following reasons, we reverse the trial court's denial of Overlog's Venue Exception; render judgment granting Overlog's Venue Exception; vacate the trial court's dismissal of Mr. Senior's suit with prejudice; render judgment dismissing Mr. Senior's suit

_____

[1] We note that Overlog titled its pleading as "Declinatory Exceptions of Lack of Personal and Subject Matter Jurisdiction." A party raises an objection to "[t]he court's lack of jurisdiction over the person of the defendant" via a declinatory exception. La. C.C.P. art. 925(A)(6). At the time Overlog filed its pleading, a party also raised an objection to the court's lack of subject matter jurisdiction via a declinatory exception. Thereafter, on August 1, 2023, an amendment to La. C.C.P. arts. 925 and 927 went into effect. Now, a party raises an objection to the court's lack of subject matter jurisdiction via a peremptory exception. La. C.C.P. art. 927(A)(8).

1

without prejudice; reverse the trial court's grant of Overlog's Jurisdiction Exceptions; render judgment denying Overlog's Jurisdiction Exceptions as moot in light of our grant of Overlog's Venue Exception and dismissal of Mr. Senior's suit without prejudice; and affirm the trial court's denial of Overlog's Motion to Dismiss as moot in light of our grant of Overlog's Venue Exception and dismissal of Mr. Senior's suit without prejudice.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On November 17, 2020, Mr. Senior entered into the Agreement with Overlog to become a lease purchase driver, whereby the Agreement "obligated [Mr. Senior] to exclusively haul loads for [Overlog's] Motor Carrier during the Lease period and until such time as all payments under [the Agreement] are made." Under the Agreement, Mr. Senior leased a 2017 Kenworth T680 truck from Overlog with the option to purchase the truck at the end of the lease term "provided [Mr. Senior] has complied with all terms of [the Agreement], and has made all payments as agreed." The Agreement contained the following pertinent provisions:

**Acknowledgments:**

Each party acknowledges that he or she had an adequate opportunity to read and study this Agreement, to consider it, and to consult with an attorney if he/she does so desire. Each party understands and acknowledges that this is a legally binding agreement and that they are entering into the same within full knowledge of all terms, conditions and covenants contained herein.

**Exclusive Jurisdiction for Suit:**

The parties entering into this agreement submit to personal jurisdiction in Du Page or Cook County, Illinois[,] for adjudication of any disputes and/or claims between the parties under this agreement. Furthermore, the parties hereby agree that the courts of Du Page or Cook County, Illinois (at Lessor's choice)[,] shall have exclusive jurisdiction over any disputes between parties relative to this

2

agreement, whether said dispute sounds in contract, tort, or other areas in the law.

**State Law:**

This Agreement shall be constructed under the laws of the State of Illinois or Wisconsin at Lessor's selection.

On October 24, 2022, Mr. Senior filed a Petition in the Orleans Parish Civil District Court asserting claims for breach of contract and alleging that Overlog was in default of the Agreement. Mr. Senior named Overlog as the sole defendant and alleged that Overlog was "a corporation authorized to do and doing business in the state of Louisiana." In his Petition, Mr. Senior requested that the Orleans Parish Civil District Court be deemed "the primary jurisdiction" for his suit.[2] On April 20, 2023, Overlog filed its Motion to Dismiss, Jurisdiction Exceptions, and Venue Exception. In its Motion to Dismiss, Overlog alleged Mr. Senior never served his Petition on Overlog because he "did not request or perfect service as required by law pursuant to the Louisiana Long Arm Statute."[3] Overlog further argued that because Mr. Senior did not "timely and accurately request service on Overlog within 90 days of the filing of the suit, as required by La. C.C.P. art. 1201(C),"[4]

---

[2] After Mr. Senior filed his Petition, on November 23, 2022, Overlog filed a Notice of Removal in the United States District Court for the Eastern District of Louisiana ("Eastern District"), thereby removing the suit to that court. Subsequently, Mr. Senior filed a Motion to Remand with the Eastern District, claiming the amount in controversy was less than $75,000. On January 25, 2023, the Eastern District issued an order, which granted Mr. Senior's Motion to Remand and remanded his suit to the Orleans Parish Civil District Court.

[3] Louisiana's Long Arm Statute is codified at La. R.S. 13:3201, et seq.

[4] Louisiana Code of Civil Procedure Article 1201(C) provides:

Service of the citation shall be requested on all named defendants within ninety days of commencement of the action. When a supplemental or amended petition is filed naming any additional defendant, service of citation shall be requested within ninety days of its filing, and the additional defendant shall be served with the original petition and the supplemental or amended petition. The defendant may expressly waive the requirements of this Paragraph by any written waiver. The requirement provided by this Paragraph shall be expressly waived by a

and because his failure to do so was "without good cause," this required dismissal of Mr. Senior's suit under La. C.C.P. art. 1672(C).[5] In its Jurisdiction Exceptions, Overlog argued that the Orleans Parish Civil District Court lacked "personal jurisdiction over [it] as the parties entered into [the] . . . Agreement containing a valid and enforceable mandatory forum selection clause, which dictates that the courts of DuPage County or Cook County, Illinois[,] have exclusive jurisdiction, inclusive of personal and subject matter jurisdiction, over all disputes arising out of the . . . Agreement." In its Venue Exception, asserted in the alternative, Overlog argued the Orleans Parish Civil District Court was "an improper venue due to the valid, enforceable, and mandatory forum selection clause contained in the . . . Agreement." Overlog attached the Agreement as an exhibit to its Exceptions. On June 5, 2023, Mr. Senior filed an "Opposition for Expetions [sic], Motion to Dismiss Writ of Sequestration, Request for Expedited Trial."

Thereafter, on June 30, 2023, the trial court conducted a hearing on Overlog's Exceptions, at which the parties did not introduce evidence. In pertinent part, counsel for Overlog argued at the hearing:

> Overlog and Mr. Senior, entered into an employment lease, or Equipment Lease Agreement. That agreement contained a valid forum selection clause, which mandates all disputes arising out of the

---

defendant unless the defendant files, in accordance with the provisions of Article 928, a declinatory exception of insufficiency of service of process specifically alleging the failure to timely request service of citation.

[5] Louisiana Code of Civil Procedure Article 1672 is titled "Involuntary Dismissal." It states, in pertinent part:

A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C) or 3955 upon the sustaining of a declinatory exception filed by such defendant, or upon contradictory motion of any other party, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.

La. C.C.P. art. 1672(C).

contract be litigated in the counties of DuPage or Cook, Illinois. Mr. Senior filed suit here in contravention of the forum selection clause in the agreement that he himself signed. No evidence or argument has been presented . . . by Mr. Senior . . . indicating that the Equipment Lease Agreement was a product of fraud, duress, is any way invalid and that he himself did not execute it.

Given the forum selection clause, we respectfully request that this [c]ourt maintain the Exceptions and dismiss Mr. Senior's case with prejudice.

On May 23, 2024, the trial court issued its judgment, which granted Overlog's Jurisdiction Exceptions; denied Overlog's Venue Exception "pursuant to the granting of [Overlog]'s" Jurisdiction Exceptions; denied as moot Overlog's Motion to Dismiss; and dismissed Mr. Senior's suit with prejudice. Mr. Senior's timely appeal followed.

## ASSIGNMENTS OF ERROR

On appeal, Mr. Senior does not raise any assignment(s) of error. Instead, in a document titled "Motion Request [sic] for Oral Argument" ("Motion for Oral Argument"), which he filed with this Court, Mr. Senior requests that this Court allow him to present oral argument on the following issues:

"BREACH OF CONTRACT", (1) Theft [sic] of money paid for benefits of insurance. (2) Theft of money, discrepancies in reported IRS filings and calculated earnings for the year 2021. (3) Interference of Mr. Seniors [sic] Portion of the insurance claim after (a) overlong [sic] acknowledgment to back away from issue (b) without written or verbal consent to represent Mr. Senior during accident proceedings;

"ATTEMPTED/CONSPIRACY TO COMMIT INSURANCE FRAUD"

(1) Tried to coerce Mr. Senior into signing for $7500 appointed for truck rental ten weeks after Mr. Senior had been working as company driver. Note there was never a rental unit of any kind.

However, Overlog, in its Appellee Brief, listed three assignments of error, as follows:

1. [Mr. Senior] failed to raise any substantive errors on appeal.

2. The trial court did not err in recognizing the forum selection clause contained in [Mr. Senior]'s contract with Overlog as valid and enforceable.

3. The trial court did not err in granting Overlog's Declinatory Exceptions of Lack of Personal Jurisdiction and Subject Matter Jurisdiction Pursuant to the valid forum selection clause.

Based on our review of the record, Mr. Senior's Motion for Oral Argument, and Overlog's brief, resolution of this matter requires us to determine the following issues: (1) whether Mr. Senior raised any substantive and appealable issues; (2) whether to grant Overlog's Venue Exception; (3) whether to affirm the trial court's dismissal of Mr. Senior's suit with prejudice; (4) whether to affirm the trial court's grant of Overlog's Jurisdiction Exceptions; and (5) whether to affirm the trial court's denial of Overlog's Motion to Dismiss as moot. We discuss each of these issues in turn.

## DISCUSSION

### (1) Whether Mr. Senior Raised Any Substantive and Appealable Issues

As stated above, the first issue we must address is whether Mr. Senior has raised any substantive and appealable issues for this Court's review, an issue which Overlog raised as its first assignment of error. This Court has held, "It is well settled that appellate courts will not consider issues raised for the first time, which are not pleaded in the court below and which the [trial] court has not addressed." *Universal Servs. & Assocs., LLC v. Grundmeyer,* 2022-0427, p. 9 (La. App. 4 Cir. 1/26/23), 382 So.3d 115, 121 (quoting *Hardy v. Juv. Just. Intervention Ctr.,* 2021-0715, p. 5 (La. App. 4 Cir. 6/15/22), 342 So.3d 1076, 1080) (on rehearing). *See also* Rule 1.3, Uniform Rules, Courts of Appeal (providing, in pertinent part, that "[t]he Courts of Appeal shall review issues that were submitted to the trial court").

In his Motion for Oral Argument, Mr. Senior raised two issues on appeal: a breach of contract claim and an attempt/conspiracy to commit fraud claim. Regarding the breach of contract claim, although Mr. Senior raised this claim in his Petition, the trial court has neither ruled on nor issued any judgment on it because the trial court concluded that it lacked jurisdiction—personal and subject matter—over Mr. Senior's suit and dismissed it. That is, the trial court has not addressed Mr. Senior's breach of contract claim. Additionally, Mr. Senior did not raise any attempt/conspiracy to commit fraud claims in his Petition, so these claims were not even submitted to the trial court. Accordingly, we will not consider any of these claims because they are not properly before this Court. Next, we discuss the second issue, particularly whether to grant Overlog's Venue Exception.

### (2) Whether to Grant Overlog's Venue Exception

As previously, explained, the trial court denied Overlog's Venue Exception "pursuant to the granting of [Overlog's]" Jurisdiction Exceptions. We begin our analysis of this issue with the standard of review and principles applicable to the exception of improper venue.

"Venue means the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject." La. C.C.P. art. 41. Because venue presents a question of law, an appellate court reviews a trial court's ruling on an exception of improper venue under the *de novo* standard of review. *Deaville v. Exxon Mobil Corp.*, 2021-0240, p. 5 (La. App. 4 Cir. 5/3/21), 319 So.3d 381, 385 (citing *Bruno v. CDC Auto Transp., Inc.*, 2019-1065, p. 7 (La. App. 4 Cir. 6/3/20), 302 So.3d 8, 12). "When reviewing questions of law," such as the trial court's ruling on an exception of improper venue, "an appellate court affords no special weight to the findings of the [trial] court, but exercises its constitutional

7

duty to review questions of law and renders judgment on the record." *Id.* at pp. 5-6, 319 So.3d at 385 (internal quotation marks omitted) (quoting *Burds v. Skidmore*, 2019-0263, p. 3 (La. App. 4 Cir. 3/22/19), 267 So.3d 192, 194). Thus, the appellate court is "allowed to 'render judgment on the record without deference to the legal conclusions of the [trial court].'" *Bruno*, 2019-1065, pp. 7-8, 302 So.3d at 12 (alteration in original) (citing *Land v. Vidrine*, 2010-1342, p. 4 (La. 3/15/11), 62 So.3d 36, 39). The appellate court merely determines if "the trial court was legally correct or legally incorrect." *Deaville*, 2021-0240, p. 6, 319 So.3d at 385 (quoting *Winston v. Millaud*, 2005-0338, p. 5 (La. App. 4 Cir. 4/12/06), 930 So.2d 144, 150). If the trial court makes any factual findings in ruling on an exception of improper venue, then the appellate court reviews these for manifest error. *Scott Vicknair, LLC v. Robinson*, 2024-0512, p. 8 (La. App. 4 Cir. 3/13/25), ___ So.3d ___, ___, 2025 WL 798593, at *4 (citing *Arc Indus., L.L.C. v. Nungesser*, 2006-1353, p. 2 (La. App. 3 Cir. 11/21/07), 970 So.2d 690, 693). *See also Chumley v. White*, 46,479, 46,707, p. 6 (La. App. 2 Cir. 11/9/11), 80 So.3d 39, 42 (citing *Rosell v. ESCO*, 549 So.2d 840, 844 (La. 1989)).

Improper venue is one of the objections that a party raises by way of a declinatory exception. La. C.C.P. art. 925(A)(4). In determining whether venue is proper, the trial court accepts the allegations of the plaintiff's petition as true. *Scott Vicknair, LLC*, 2024-0512, p. 9, ___ So.3d at ___, 2025 WL 798593, at *5 (citing *Elliott v. Amato & Creely*, 2005-0376, p. 5 (La. App. 1 Cir. 3/29/06), 934 So.2d 779, 782). As La. C.C.P. art. 930 provides, however, "[o]n the trial of the declinatory exception, evidence may be introduced to support or controvert [a declinatory exception], when the grounds thereof do not appear from the petition, the citation, or return thereon." In that instance, i.e., if the grounds for the objection

of improper venue do not appear on the face of the plaintiff's petition, then the defendant-exceptor bears the burden of offering evidence to support the exception. *Chumley*, 46,479, 46,707, pp. 5-6, 80 So.3d at 42 (citing *Saldana v. State Farm Mut. Auto. Ins. Co.*, 39,094, p. 3 (La. App. 2 Cir. 12/15/04), 889 So.2d 1170, 1171). In interpreting La. C.C.P. art. 930, the Louisiana Fifth Circuit Court of Appeal has explained that if neither party presented live testimony at the hearing on the declinatory exception, then the exception hearing did not constitute a "contradictory hearing." *Jacobsen v. Asbestos Corp. Ltd.*, 2012-0655, pp. 7-11 (La. App. 5 Cir. 5/30/13), 119 So.3d 770, 776-78. *See also Ohle v. Uhalt*, 2022-0818, p. 5 (La. App. 4 Cir. 7/6/23), 370 So.3d 1088, 1092 (citing *Ohle v. Uhalt*, 2016-0569, p. 4 (La. App. 4 Cir. 2/1/17), 213 So.3d 1, 5). If there has been no contradictory hearing, then the trial court does not err in rendering judgment based upon the parties' oral argument and the documents attached to their memoranda concerning the declinatory exception even if the parties did not introduce those documents into evidence at the hearing. *Jacobsen*, 2012-655, pp. 7-11, 119 So.3d at 776-78.

Louisiana Code of Civil Procedure Article 42 establishes the general rules of venue. It provides:

The general rules of venue are that an action against:

(1) An individual who is domiciled in the state shall be brought in the parish of his domicile; or if he resides but is not domiciled in the state, in the parish of his residence.

(2) A domestic corporation, a domestic insurer, or a domestic limited liability company shall be brought in the parish where its registered office is located.

(3) A domestic partnership, or a domestic unincorporated association, shall be brought in the parish where its principal business establishment is located.

(4) A foreign corporation or foreign limited liability company licensed to do business in this state shall be brought in the parish where its principal business establishment is located as designated in its application to do business in the state, or, if no such designation is made, then in the parish where its primary place of business in the state is located.

(5) A foreign corporation or a foreign limited liability company not licensed to do business in the state, or a nonresident who has not appointed an agent for the service of process in the manner provided by law, shall be brought in the parish of the plaintiff's domicile or in a parish where the process may be, and subsequently is, served on the defendant except when service is made pursuant to [La.] R.S. 22:335.

(6) A nonresident, other than a foreign corporation, who has appointed an agent for the service of process in the manner provided by law, shall be brought in the parish of the designated post office address of an agent for the service of process.

La. C.C.P. art. 42. Per "the general rules of venue" found "in La. C.C.P. art. 42, venue is proper at the 'home base' of the entity sued." *Jackson v. Greenwich Ins. Co.*, 2019-0377, p. 4 (La. App. 4 Cir. 7/31/19), 363 So.3d 396, 400 (quoting *Underwood v. Lane Memorial Hosp.*, 1997-1997, p. 4 (La. 7/8/98), 714 So.2d 715, 717). However, there are exceptions to that rule. One exception is when the parties have an agreement containing a valid forum selection clause.

The Louisiana Supreme Court has defined a forum selection clause as "a provision in a contract that mandates a particular state, county, parish, or court as the proper venue in which the parties to an action must litigate any future disputes regarding their contractual relationship." *Shelter Mut. Ins. Co. v. Rimkus Consulting Grp., Inc. of La.,* 2013-1977, p. 4 (La. 7/1/14), 148 So.3d 871, 873 (quoting *Fidelak v. Holmes European Motors, L.L.C.*, 2013-0691, p. 3 (La. 12/10/13), 130 So.3d 851, 853). The Louisiana Supreme Court has further held that contractual "forum selection clauses are generally enforceable and are not *per se* violative of public policy in Louisiana." *Id.* at p. 12, 130 So.3d at 878. In fact,

10

"Forum selection clauses are favored because the elimination of uncertainties relative to the location of litigation by agreement in advance on an acceptable forum to both parties is an indispensable element of trade, commerce, and contracting." *Ameriprint, LLC v. Canon Sols. Am., Inc.*, 2021-0094, p. 3 (La. App. 5 Cir. 5/24/21), 2021 WL 2093283, at *2 (citing *Shelter Mutual Ins. Co.*, 2013-1977, p. 18, 148 So.3d at 882). Accordingly, "Forum selection clauses should be enforced in Louisiana unless the resisting party can clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching or that enforcement would contravene a strong public policy of the forum in which the suit is brought." *Id.* (citing *Shelter Mutual Ins. Co.*, 2013-1977, pp. 16-17, 148 So.3d at 881). Additionally, this Court has recognized that "the United States Supreme Court has noted with approval that courts have imposed 'a heavy burden of proof' on the party challenging a forum selection provision to prove that enforcement of the provision would be unreasonable or that the clause violated fundamental fairness due to fraud or overreaching." *Barcelona v. Sea Victory Mar., Inc.*, 619 So.2d 741, 745 (La. App. 4th Cir. 1993) (citing *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 595, 111 S.Ct. 1522, 1528, 113 L.Ed.2d 622 (1991)). As such, only under "very limited circumstances" are forum selection clauses deemed unenforceable and against public policy in Louisiana. *Ameriprint, LLC*, 2021-0094, p. 3, 2021 WL 2093283, at *2 (citation omitted).

Reviewing Overlog's Venue Exception *de novo*, we find the grounds for the objection of improper venue did not appear on the face of Mr. Senior's Petition, so Overlog bore the burden of proving its Venue Exception by introducing evidence to support its objection to the Orleans Parish Civil District Court being the proper

forum for Mr. Senior's lawsuit. *See Chumley*, 46,479, 46,707, pp. 5-6, 80 So.3d at 42 (citing *Saldana*, 39,094, p. 3, 889 So.2d at 1171). Overlog did so by attaching the Agreement to its Venue Exception. In pertinent part, the second sentence of the "**Exclusive Jurisdiction for Suit**" section of the Agreement stated, "Furthermore, the parties hereby agree that the courts of Du Page or Cook County, Illinois (at Lessor's choice)[,] shall have exclusive jurisdiction over any disputes between parties relative to this agreement, whether said dispute sounds in contract, tort, or other areas in the law." At the hearing on Overlog's Exceptions, neither party presented live testimony, so the exception hearing was not a contradictory one. *See Jacobsen*, 2012-0655, pp. 7-11, 119 So.3d at 776-78; *Ohle*, 2022-0818, p. 5, 370 So.3d at 1092 (citing *Ohle*, 2016-0569, p. 4, 213 So.3d at 5). Accordingly, the trial court—and this Court on appeal—can render judgment based upon the parties' oral argument and the documents attached to their memoranda concerning the Venue Exception even though Overlog and Mr. Senior did not introduce those documents into evidence at the hearing. *See Jacobsen*, 2012-0655, pp. 7-11, 119 So.3d at 776-78. In so doing, we find the second sentence of the "**Exclusive Jurisdiction for Suit**" provision of the Agreement constituted a forum selection clause because it was "a provision in a contract that mandate[d] a particular state, county, parish, or court [namely, Du Page or Cook County, Illinois,] as the proper venue in which" Mr. Senior and Overlog had to "litigate any . . . disputes regarding their contractual relationship." *Shelter Mut. Ins. Co..*, 2013-1977, p. 4, 148 So.3d at 873 (quoting *Fidelak*, 2013-0691, p. 3, 130 So.3d at 853). We note that although that sentence stated "the courts of Du Page or Cook County, Illinois," had "exclusive

*jurisdiction*" (emphasis added),[6] we nonetheless find that it constituted a forum selection clause. *See, e.g., ACG Mediaworks, L.L.C. v. Ford*, 2003-978 (La. App. 5 Cir. 3/30/04), 870 So.2d 1097 (holding a provision in the subject contract that stated "Jurisdiction is Pikeville[,] Kentucky[,]" was a forum selection clause).

In response, Mr. Senior, had to demonstrate that the forum selection clause was invalid or unenforceable for some reason in order to overcome Overlog's Venue Exception. He failed to do so. In his opposition to Overlog's Venue Exception, Mr. Senior admitted to being involved in litigation with Overlog and other parties in Cook County, Illinois, and he made no arguments as to why the forum selection clause in the Agreement was unreasonable, unjust, or invalid for such reasons as fraud or overreaching. Mr. Senior also asserted no arguments to the effect that enforcement of the forum selection clause would contravene a strong public policy of Louisiana. Moreover, we find nothing in the record that demonstrates the forum selection clause was unreasonable, unjust, or invalid, and we find nothing establishing that enforcement of this forum selection clause contravenes the public policy of this state. Therefore, we find it should be enforced as written. Accordingly, we reverse the trial court's judgment insofar as it denied Overlog's Venue Exception; and we render judgment granting Overlog's Venue Exception.

### (3) Whether to Affirm the Trial Court's Dismissal of Mr. Senior's Suit with Prejudice

Next, we consider whether to affirm the trial court's May 23, 2024 judgment insofar as it dismissed Mr. Senior's suit with prejudice. Mr. Senior has not expressly assigned any error or raised any issue on appeal as to the nature or effect

---

[6] As explained more fully throughout this Opinion, jurisdiction and venue are different legal concepts.

of the dismissal of his suit. Nonetheless, "[t]his [C]ourt has . . . a statutory mandate to render a judgment 'which is just, legal, and proper upon the record on appeal.'" *Vallejo Enter., L.L.C. v. Boulder Image, Inc.*, 2005-2649, p. 8 (La. App. 1 Cir. 11/3/06), 950 So.2d 832, 838 (quoting La. C.C.P. art. 2164). The rationale behind La. C.C.P. art. 2164 is to provide the appellate courts with "complete freedom to do justice on the record irrespective of whether a particular legal point or theory was made, argued, or passed on by the court below." *Id.* (citing La. C.C.P. art. 2164, comment (a)). Accordingly, we consider whether the part of the trial court's judgment dismissing Mr. Senior's suit with prejudice should be affirmed, particularly in light of our holding in the prior section which renders judgment granting Overlog's Venue Exception.

Regarding the "[e]ffect of sustaining [a] declinatory exception," La. C.C.P. art. 932 provides:

> A. When the grounds of the objections pleaded in the declinatory exception may be removed by amendment of the petition or other action of plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court; if the court finds, on sustaining the objection that service of citation on the defendant was not requested timely, it may either dismiss the action as to that defendant without prejudice or, on the additional finding that service could not have been timely requested, order that service be effected within a specified time.

> B. If the grounds of the objection cannot be so removed, or if the plaintiff fails to comply with an order requiring such removal, the action, claim, demand, issue, or theory subject to the exception shall be dismissed; except that if an action has been brought in a court of improper jurisdiction or venue, the court may transfer the action to a proper court in the interest of justice.

When the grounds of an exception of improper venue are "based upon the undisputed content of [an] agreement," which includes a forum selection clause, "amendment of the petition would not . . . serve[] the purpose of removing those

grounds," but rather would constitute "a vain and useless act." *Vallejo Enter., L.L.C.*, 2005-2649, p. 7, 950 So.2d at 838 (citing *Am. Int'l Gaming Ass'n, Inc. v. La. Riverboat Gaming Comm'n*, 2000-2864, p. 17 (La. App. 1 Cir.9/11/02), 838 So.2d 5, 18). Thus, La. C.C.P. art. 932(A) is inapplicable in that situation.

When amendment of the petition is futile, "unless the plaintiff . . . knowingly filed suit in the wrong venue, the case should be transferred rather than dismissed" based on La. C.C.P. art. 932(B). *Simien v. Fairfield Indus., Inc.*, 1999-2897, p. 3 (La. App. 4 Cir. 2/9/00), 753 So.2d 918, 919-20 (first citing *Marler v. Petty*, 1994-1851, p. 6 (La. 4/10/95), 653 So.2d 1167, 1171; and then citing *Habig v. Popeye's Inc.*, 553 So.2d 963, 967 (La. App. 4th Cir. 1989)). However, dismissal is appropriate when "transfer to the proper court would not be possible or would not be conducive to the administration of justice." *Vallejo Enter., L.L.C.*, 2005-2649, p. 8, 950 So.2d at 838 (citing La. C.C.P. art. 932, comment (b)). Transfer to a court of another state is not possible, so dismissal is appropriate if the court of another state is the proper venue. *See id.* (affirming the trial court's grant of an exception of improper venue on the basis of a forum selection clause that listed Arizona as the forum for any dispute between the parties and dismissing the plaintiff's petition without prejudice). Such a dismissal should be without prejudice. *Id.*; *see also Sanchez v. Commodore Cruise Lines, Ltd.*, 1997-2355, pp. 8-9, (La. App. 4 Cir. 4/22/98), 713 So.2d 572, 577 (holding that the trial court's dismissal with prejudice of the plaintiff's petition on the basis of a forum selection clause was erroneous because the plaintiff was entitled to pursue his claims in the proper forum).

Turning to the matter *sub judice*, amendment of Mr. Senior's Petition would be a vain and useless act because the Agreement between the parties contains a forum selection clause. As we have already stated, Mr. Senior has not argued the

clause is against the public policy of this state or is unreasonable, unjust, or invalid for reasons like fraud or overreaching. Nor do we find a reason to deem the forum selection clause invalid or unenforceable. The record does not establish that Mr. Senior knowingly filed his suit in the wrong venue, so transfer of his suit rather than dismissal would be preferable.[7] However, transfer to a proper court (a court in Du Page or Cook County, Illinois, per the forum selection clause in the Agreement) is not possible because we cannot transfer Mr. Senior's suit to a court in another state. Accordingly, dismissal of Mr. Senior's suit without prejudice is procedurally proper. The trial court dismissed Mr. Senior's suit *with* prejudice though. Therefore, we vacate the trial court's May 23, 2024 judgment insofar as it dismissed Mr. Senior's suit with prejudice, and we render judgment dismissing Mr. Senior's suit without prejudice. Next, we consider whether to affirm the trial court's grant of Overlog's Jurisdiction Exceptions.

### (4) Whether to Affirm the Trial Court's Grant of Overlog's Jurisdiction Exceptions

Turning to the fourth issue, we consider the trial court's grant of Overlog's Jurisdiction Exceptions. As evident in this Opinion, unlike the trial court, we considered Overlog's Venue Exception before considering Overlog's Jurisdiction Exceptions. We did so for a reason.

As the Louisiana Second Circuit Court of Appeal has explained, "Jurisdiction is a separate and distinct legal concept from venue." *Luffey ex rel. Fredricksburg Props. of Tx., LP v. Fredericksburg Props. of Tx., LP*, 37,591, p. 5 (La. App. 2 Cir. 12/10/03), 862 So.2d 403, 406 (first citing *Turner v. Leslie*, 1996-2288, p. 2 (La. 12/6/96), 684 So.2d 395, 396; then citing *Sims v. Sims*, 388 So.2d

---

[7] We note that Mr. Senior represented himself before the trial court and before this Court.

16

428, 430 (La. App. 2d Cir. 1980); and then citing *Clark v. Clark*, 600 So.2d 880, 882 (La. App. 1st Cir. 1992)). "Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled." La. C.C.P. art. 1. "There are many types of jurisdiction," including subject matter jurisdiction and personal jurisdiction. *Tillis v. McNeil*, 2017-0673, p. 5 (La. App. 5 Cir. 5/30/18), 249 So.3d 303, 307.

Subject matter jurisdiction "is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted." La. C.C.P. art. 2. The constitution or legislative enactment create subject matter jurisdiction; so it "cannot be conferred or waived by the parties," and it "is not affected by the parties' agreement as to venue, via a forum selection clause, as to the particular forum where a suit may or shall be brought by an aggrieved party." *Luffey*, 37,591, p. 6, 862 So.2d at 406. Personal jurisdiction "is the legal power and authority of a court to render a personal judgment against a party to an action or proceeding." La. C.C.P. art. 6. In a contract, "Parties . . . may agree in advance to submit to the jurisdiction of a given court." *Lewis v. Townsend*, 47,536, p. 3 (La. App. 2 Cir. 12/12/12), 108 So.3d 184, 186 (citing *Lejano v. Bandak*, 1997-0388, p. 18 (La. 12/12/97), 705 So.2d 158,168. *See also Nat'l Equip. Rental v. Szukhent*, 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964)). For example, parties can consent to a particular court having personal jurisdiction over them by means of a provision in a contract between them. *See generally Am. Standard Leasing Co. v. Plant Specialties, Inc.*, 427 So.2d 555, 556 (La. App. 3d Cir. 1983). When parties do so, even if their contract uses a word like "shall" (e.g., "any court of competent

jurisdiction situated in Chicago, Illinois, shall have jurisdiction over the person of the defendant"), this "does not in any way limit causes of action arising out of the contract to" the court therein specified. *Id.*, 427 So.2d at 556, 558. Rather, "it actually broadens the possible choice of forums by giving the parties another court in which they may pursue litigation," such that it remains "conceivable" that the action can be brought in a court other than the one(s) specified in the contract as having personal jurisdiction. *Id.*, 427 So.2d at 558.

Both subject matter and personal jurisdiction relate to "the [court's] power to adjudicate," while "venue . . . relates to the place where judicial authority may be exercised." *Luffey*, 37,591, p. 6, 862 So.2d at 406 n.3 (quoting BLACK'S LAW DICTIONARY (7th ed. 1999)). A forum selection clause does not deprive Louisiana courts of jurisdiction. *Police Jury of Calcasieu Par. v. Indian Harbor Ins. Co.*, 2024-00449, p. 4 (La. 10/25/24), 395 So.3d 717, 722 n.5 (citation omitted). This is because a forum selection clause constitutes a matter of venue, not jurisdiction. *See generally Lee v. Commodore Holdings, Ltd.,* 2000-1551 (La. App. 4 Cir. 12/6/06), 947 So.2d 158. Even the Supreme Court of the United States "has held a forum selection clause does not impact jurisdiction." *Police Jury of Calcasieu Par.*, 2024-0449, p. 8, 395 So.3d at 724 (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12, 92 S. Ct. 1907, 1914, 32 L.Ed.2d 513 (1972)). Thus, when a forum selection clause applies, "[i]t is possible for jurisdiction to exist though venue in [the] particular district is improper." *Luffey*, 37,591, p. 6, 862 So.2d at 406 n.3 (quoting BLACK'S LAW DICTIONARY (7th ed. 1999)).

Considering the foregoing, we find that in reviewing the subject Agreement, which contained a valid and enforceable forum selection clause, the trial court should have first ruled on Overlog's Venue Exception—and granted it, as we did—

rather than first ruling on Overlog's Jurisdiction Exceptions. When Overlog brought forth the forum selection clause in the Agreement and Mr. Senior failed to demonstrate why it was invalid or unenforceable, the issue before the trial court was not whether that court had the legal power to adjudicate Mr. Senior's suit, i.e., personal and subject matter jurisdiction. Instead, the issue was whether the trial court was the proper forum for Mr. Senior's action. The answer, as delineated in a prior section of this Opinion, was no. In fact, as noted in *Luffey* and *Police Jury of Calcasieu Parish*, it was possible for jurisdiction to exist in the trial court even though venue was improper there because the forum selection clause did not deprive any Louisiana courts of jurisdiction. This is true despite the fact that the first sentence of the "**Exclusive Jurisdiction for Suit**" provision in the Agreement stated, "The parties entering into this agreement submit to personal jurisdiction in Du Page or Cook County, Illinois[,] for adjudication of any disputes and/or claims between the parties under this agreement." With that sentence, Mr. Senior and Overlog agreed that the courts of Du Page and Cook County, Illinois, would have personal jurisdiction over them; but this provision alone did not establish that those were the *only* courts that would have personal jurisdiction over them, and the provision did not deprive Louisiana courts of personal jurisdiction. *See Am. Standard Leasing Co.*, 427 So.2d at 558. It is also true that, despite the forum selection clause in the Agreement, the trial court may have had subject matter jurisdiction over Mr. Senior's lawsuit because the forum selection clause had no bearing on whether Louisiana courts had subject matter jurisdiction over the claims he raised. *See Luffey*, 37,591, p. 6, 862 So.2d at 406. Rather, whether any Louisiana courts had subject matter jurisdiction over Mr. Senior's suit depends on the Louisiana Constitution and this state's legislative enactments. *Id.*

Nonetheless, whether the trial court did or did not have personal and subject matter jurisdiction over Mr. Senior's suit is now of no import because of our holding that the trial court was not the proper venue for his suit. "It is well settled that courts will not decide abstract, hypothetical, or moot controversies, or render advisory opinions with respect to controversies." *Firestone Polymers, L.L.C. v. La. Dep't of Env't Quality*, 2019-0308, p. 9 (La. App. 1 Cir. 5/28/20), 304 So.3d 1056, 1063 (citing *Joseph v. Ratcliff*, 2010-1342, p. 7 (La. App. 1 Cir. 3/25/11), 63 So.3d 220, 225). In discussing when an issue is moot, the Louisiana First Circuit Court of Appeal has explained:

> An issue is moot when a judgment or decree on that issue has been "deprived of practical significance" or "made abstract or purely academic." Thus, a case is moot when a rendered judgment or decree can serve no useful purpose and give no practical relief or effect. *City of Hammond* [*v. Par. of Tangipahoa*, 2007-0574, p. 7 (La. App. 1 Cir. 3/26/08)], 985 So.2d [171,] 178. If the case is moot, there is no subject matter on which the judgment of the court can operate. *Joseph*, [2010-1342, p. 7,] 63 So.3d at 225. Thus, jurisdiction, once established, may abate if the case becomes moot, as the controversy must normally exist at every stage of the proceeding, including appellate stages. *City of Hammond*, [2007-0574, p. 7,] 985 So.2d at 178 [[(citing *Cat's Meow, Inc. v. City of New Orleans, Dep[']t of Fin*[.], [19]98-0601 (La. 10/20/98), 720 So.2d 1186, 1193[)]. In other words, even though the requirements of justiciability are satisfied when the suit is initially filed, when the fulfillment of these requirements lapses at some point during the course of litigation before the moment of final disposition, mootness occurs. In such a case, there may no longer be an actual controversy for the court to address, and any judicial pronouncement on the matter would be an impermissible advisory opinion. *See City of Hammond*, [2007-0574, p. 8,] 985 So.2d at 178 [[(citing *Cat's Meow, Inc.*, [1998-0601, p. 9,]720 So.2d at 1193-1194.

*Id.* at pp. 9-10, 304 So.3d at 1064.

Having already rendered judgment granting Overlog's Venue Exception and dismissing Mr. Senior's suit without prejudice, the question of whether the trial court had personal and subject matter jurisdiction over Mr. Senior's suit is now moot. For this court to rule on the Jurisdiction Exceptions would be "abstract or

20

purely academic" and constitute "an impermissible advisory opinion." *Firestone Polymers, L.L.C.*, 2019-0308, pp. 9-10, 304 So.3d at 1064 (citations omitted). That is, because we have rendered judgment granting Overlog's Venue Exception and dismissing Mr. Senior's lawsuit without prejudice on that basis, the question of whether the trial court nonetheless had subject matter and personal jurisdiction over his suit is irrelevant now. Even assuming arguendo that the trial court had personal and subject matter jurisdiction, the trial court was not the proper venue for Mr. Senior's suit to proceed. Thus, Overlog's Jurisdiction Exceptions no longer present an actual controversy for this Court to address, and mootness has occurred. We therefore reverse the trial court's grant of Overlog's Jurisdiction Exceptions and render judgment denying Overlog's Jurisdiction Exceptions as moot.

### (5) Whether to Affirm the Trial Court's Denial of Overlog's Motion to Dismiss as Moot

Finally, we must consider how to proceed regarding the trial court's denial of Overlog's Motion to Dismiss as moot. As stated previously, Overlog asserted in its Motion to Dismiss that the trial court should dismiss Mr. Senior's suit on the basis that Mr. Senior failed to timely request and perfect service on it. In light of our ruling dismissing Mr. Senior's suit without prejudice pursuant to our grant of Overlog's Venue Exception, Overlog's request to have Mr. Senior's suit dismissed on the basis of untimely service is also rendered moot. If we were to rule on Overlog's Motion to Dismiss, such a ruling would be "abstract or purely academic" and constitute "an impermissible advisory opinion." *Firestone Polymers, L.L.C.*, 2019-0308, pp. 9-10, 304 So.3d at 1064 (citations omitted). We have already dismissed Mr. Senior's lawsuit on the basis of improper venue, so there is no need to determine whether it should also be dismissed for his alleged

failure to timely request service.[8] We thus affirm the trial court's judgment insofar as it denied Overlog's Motion to Dismiss as moot.

## DECREE

For the foregoing reasons, we reverse the trial court's denial of Overlog's Venue Exception; render judgment granting Overlog's Venue Exception; vacate the trial court's dismissal of Mr. Senior's suit with prejudice; render judgment dismissing Mr. Senior's suit without prejudice; reverse the trial court's grant of Overlog's Jurisdiction Exceptions; render judgment denying Overlog's Jurisdiction Exceptions as moot in light of our grant of Overlog's Venue Exception and dismissal of Mr. Senior's suit; and affirm the trial court's denial of Overlog's Motion to Dismiss as moot in light of our grant of Overlog's Venue Exception and dismissal of Mr. Senior's suit.

**JUDGMENT VACATED IN PART, REVERSED IN PART, AND RENDERED IN PART; JUDGMENT AFFIRMED IN PART**

---

[8] We note that even assuming there is merit to Overlog's allegation that Mr. Senior did not timely request service, when a court dismisses a suit for that reason, the dismissal should be without prejudice per La. C.C.P. art. 1672(C). Thus, whether we were to dismiss Mr. Senior's suit on the basis of improper venue (as we have done) or on the basis of untimely service (as Overlog alleged in its Motion to Dismiss), the dismissal would be without prejudice in either situation; so there is no need to consider the merits of Overlog's Motion to Dismiss.